## VEVERKA v. FRANK *et al.*

No. 3288.    Opinion Filed December 20, 1913.

(137 Pac. 682.)

1. **APPEAL AND ERROR**—Time of Taking—Motion for New Trial —Necessity. Where an action is tried before a referee who reports to the trial court findings of fact, and both plaintiffs and defendant move for judgment on such findings, these motions present questions of law only, and a motion for new trial is not necessary in order to have the judgment reviewed on appeal, and the time for

appeal in such case runs from the date of the judgment, and the filing of the motion for new trial does not extend or suspend the running of the time for appeal or for service of a case-made.

2. SAME—Case-Made—Delay in Filing. A case-made not served within the time fixed by statute, or within the time as extended by the court before the expiration of the statutory time, is a nullity and cannot be considered on appeal.

3. SAME—Record—Motion for New Trial—Review. A motion for judgment on the findings of fact made by the referee, and a motion for new trial, and exceptions to the ruling of the trial court thereon, are not part of the record proper, and can be preserved and presented for review on appeal only by incorporating the same in a bill of exceptions or case-made.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Oklahoma County;*
*Edward D. Oldfield, Judge.*

Action by Max Frank and others, doing business as the Michigan Leather Company, against V. Veverka. Judgment for plaintiffs, and defendant brings error. Dismissed.

*J. H. Beaty,* for plaintiff in error.

*Scothorn, Caldwell & McRill,* for defendants in error.

Opinion by GALBRAITH, C. This was an action commenced in the superior court of Oklahoma county by the defendants in error against the plaintiff in error on an account for merchandise alleged to have been sold and delivered. By agreement of the parties the case was referred to a referee for trial, to take testimony and return findings of fact and conclusions of law. The report of the referee was filed in the trial court on the 26th day of May, 1911. Both plaintiffs and defendant moved the court for judgment on the findings of fact made by the referee. The motion of the plaintiffs (the defendants in error) was granted on the 8th day of July, 1911, and judgment was entered in their favor on that date. The plaintiff in error, as defendant in the court below, filed a motion for new trial on the 10th day of July, 1911, which was overruled on the 12th day of August, 1911, and defendant asked and was given 60 days in which to prepare and serve case-made on appeal to this court, and on September 23, 1911, was given 30 days addi-

tional time in which to serve case-made. The case-made was served on the 4th day of November, 1911, and was thereafter settled by the trial judge and filed in this court on November 11, 1911.

The errors assigned in the petition in error attached to the case-made are as follows: First, the action of the court in sustaining the plaintiffs' motion for judgment on the findings of fact; and, second, the overruling the motion for new trial.

The defendants in error insist that this court has no jurisdiction of the case, and move to dismiss the appeal on the ground that the case-made was not served within three days after the entry of judgment, or within the extension of time given before the expiration of the three days.

The record shows that the judgment appealed from was entered on the 8th day of July, 1911, and that the motion for new trial was overruled on the 12th day of August, 1911, and the extension of time was then given to make and serve case-made. It has recently been held by this court that, where a cause is tried on an agreed statement of facts, no motion for a new trial is necessary in order to a review of such judgment on appeal. *C., R. I. & P. Ry. Co. v. City of Shawnee,* 39 Okla. 728, 136 Pac. 591. It has also been held by this court that:

"Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal." (*Cowart v. Parker-Washington Co. et al.,* 40 Okla. ——, 136 Pac. 153.)

We take it that the decision in *C., R. I. & P. Ry. Co. v. Shawnee, supra,* is controlling in this case, since both plaintiffs and defendant moved for judgment on the facts found by the referee, and each thereby said to the court, "We agree that these are the facts in this case, and upon these facts the law justifies a judgment in my favor;" and for that reason the motion for judgment presented to the trial court questions of law only, and that no motion for new trial was necessary to entitle the losing party to have such judgment reviewed upon appeal. Hence the time for serving a case-made, as fixed by the statute,

commenced to run on the 8th day of July, 1911, the date of the entry of judgment in the cause; and since the case-made was not served within three days of that time, nor within the extension of time granted within such three days, the case-made is a nullity and presents no question for review to this court.

The record in this cause cannot be considered as a transcript, even if the certificate of the clerk thereto was sufficient, and this seems to be fatally defective, for the reason that the errors assigned in the petition in error challenge the ruling of the trial court on the motion of the defendant for judgment and the overruling of the motion for new trial. Neither of these motions is a part of the record proper, and neither has been made a part of the record in the manner provided by law. It has been held by this court:

"Motions presented in the trial court, including a motion for a new trial and the ruling thereon and exceptions taken, are not a part of the record proper and can be reserved and presented for review on appeal only by incorporating the same into a bill of exceptions or case-made." (*Tribal Development Co. v. White Bros.*, 28 Okla. 525, 114 Pac. 736.)

The case-made being a nullity because not served within the time prescribed by the statute, and the errors assigned being based upon motions presented to the trial court, and these motions and the exceptions taken thereto not having been incorporated into a bill of exceptions, cannot be reviewed in this court on a transcript, for the reason that they are not a part of the record presented by the transcript.

For these reasons there is nothing in the record in this case that properly invokes the jurisdiction of this court, and the motion to dismiss the appeal should be sustained.

By the Court: It is so ordered.