## ORR v. FULTON.

No. 5799. Opinion Filed November 16, 1915.

Rehearing Denied November 30, 1915.

(153 Pac. 149.)

1. **APPEAL AND ERROR—Presentation for Review—Denial of Motion to Vacate Judgment.** The action of the trial court in denying the motion to vacate a judgment cannot be reviewed by the Supreme Court on a transcript and petition in error.

2. **SAME.** A motion to vacate a judgment copied into a transcript constitutes no part of the record, and presents no question for review by the Supreme Court on appeal.

(Syllabus by Galbraith, C.)

*Error from District Court, Atoka County;*

*R. M. Rainey, Judge.*

Action by J. S. Fulton against Carolina Orr. Judgment for plaintiff, and defendant brings error. Dismissed.

*J. M. Humphreys,* for plaintiff in error.

*J. G. Ralls,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is by petition in error and transcript, and seeks to have reviewed an order denying a motion to vacate a judgment of the trial court. The one assignment of error made in the petition in error is as follows:

"The court erred in overruling plaintiff in error's motion to vacate and set aside a void judgment, and which affects her right, title, and interest in certain real property."

It is insisted by the defendant in error that the assignment cannot be considered, and that there is nothing properly presented for review by the record in this cause,

for the reason that the ruling of the trial court on the motion to vacate the judgment was not preserved by bill of exceptions, and is not presented by case-made, and, since the same is not a part of the record proper, the ruling thereon is not brought up by the transcript.

It was said by the court in *Tribal Development Co. v. White Bros.*, 28 Okla. 525, 114 Pac. 736:

"Section 4308, Statutes of 1893 (section 5939, Compiled Laws of Oklahoma 1909), provides: 'The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court,' etc. Under this statute, it has been held that motions and orders thereon are not part of the record proper, and can be made part of the appeal record only by bill of exceptions or case-made."

Again, in *McCoy v. McCoy*, 27 Okla. 372, 112 Pac. 1040, the court said:

"The specifications of error contained in the petition in error are that the court erred in not permitting plaintiff in error to file an amended petition during the progress of the trial, and in overruling plaintiff's motion praying an order that the judgment obtained be made a lien upon the land involved. Neither of these orders of the court were brought into the record by a bill of exceptions; and hence are not a part thereof. The Supreme Court of the Territory of Oklahoma, citing numerous authorities, in the case of *Menton v. Shuttee et al.*, 11 Okla. 381 [67 Pac. 478], held that: 'Motions presented in the trial court, the rulings thereon, and exceptions are not properly a part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made."

In *Veverka v. Frank et al.*, 41 Okla. 142, at page 145, 137 Pac. 682, at page 683, it is said:

"The case-made being a nullity, because not served within the time prescribed by the statute, and the errors assigned being based upon motions presented to the trial court, and these motions and the exceptions taken thereto not having been incorporated into a bill of exceptions, cannot be reviewed in this court on a transcript, for the reason that they are not a part of the record presented by the transcript."

It therefore appears that the assignment of error relied upon cannot be considered upon a transcript, and that no question is presented by this record for review.

We therefore recommend that the appeal be dismissed.

By the Court: It is so ordered.