GRADY COUNTY v. SCHROCK et al.

SAME v. ISHERWOOD et al.

SAME v. FELAND et al. .

No. 7829. Opinion Filed February 29, 1916.

(155 Pac. 882.)

**APPEAL AND ERROR—Presentation for Review—Motion to Vacate Judgment.** A motion to vacate a judgment copied into a transcript constitutes no part of the record, and presents no question for review by the Supreme Court on appeal.

(Syllabus by the Court.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Actions by Arthur Lee Schrock and others, and Lillie Isherwood and others, and Hattie Feland and others, against Grady county. Judgment for plaintiffs, and defendant brings error.

*John H. Venable,* County Attorney, and *A. K. Swan,* Assistant County Attorney, for plaintiff in error.

*Bond, Melton & Melton,* for defendants in error.

KANE, C. J. The above consolidated causes come on for hearing upon a motion to dismiss the proceedings in error filed therein upon the following grounds: (1) For the reason that said purported case-made was not served within the time provided by the orders of the district court of Grady county, Okla., and provided by law; (2) for the reason that the certificate to said purported transcript and case-made is insufficient in law; (3) for the reason that said transcript is not properly authenticated; (4) for the reason that this court has no jurisdiction to

review the action of the trial court in sustaining the demurrer to the motion to vacate the judgment in this cause.

The record discloses that on the 28th day of October, 1914, judgment was rendered by the court below in favor of the defendants in error; that no attempt was made to appeal from this action of the trial court, or to have the same reviewed in the court in which the judgment was rendered, until the 22d day of March, 1915, at which time the plaintiff in error filed its motion to vacate the judgments formerly rendered, upon the ground that the same were based upon an unconstitutional statute. Thereafter, on the 21st day of May, 1915, the defendants in error herein filed their demurrer to the motion of plaintiff in error to vacate said judgments upon the ground that said motion does not contain allegations sufficient in law to entitle the plaintiff in error to the relief prayed for, which demurrer was overruled by the trial court, whereupon the motion to vacate was also overruled, and the movant granted sixty days to make and serve a case-made for the Supreme Court; ten days were granted to suggest amendments, the case-made to be signed and settled upon five days' notice.

It is conceded by the parties that the case-made was not served within the time provided by the order of the trial court. It is contended, however, on the part of counsel for plaintiff in error that inasmuch as the clerk of the trial court attached to the purported case-made, which admittedly was served, signed, and settled out of time, a certificate to the effect "that the above and foregoing transcript and case-made contains a full, true, complete, and correct record and copy of all the papers and plead-

ings on file in said cause; all of the orders, rulings, holdings and judgments of the court made and entered in said cause, as the same now appear of record and on file in my office, * * *" the action of the trial court in overruling the demurrer of the defendants in error, and the motion to vacate of plaintiff in error, may be presented for review upon a transcript of the record. In this we cannot agree with counsel. Beginning with the early case of *McMechan v. Christy*, 3 Okla. 301, 41 Pac. 382, it has been consistently held by this court that such motions do not constitute a part of the record proper, which can be brought to this court for review upon a transcript, unless made so by case-made or bill of exceptions. The latest opinion to that effect, *Orr v. Fulton*, 52 Okla. 621, 153 Pac. 149, seems to be directly in point. In that case there was but one assignment of error, as follows:

"The court erred in overruling plaintiff in error's motion to vacate and set aside a void judgment, and which affects her right, title, and interest in certain real property."

The court held:

"(1)  The action of the trial court in denying the motion to vacate a judgment cannot be reviewed by the Supreme Court on a transcript and petition in error; and (2) a motion to vacate a judgment copied into a transcript constitutes no part of the record, and presents no question for review by the Supreme Court on appeal."

Counsel say that the case at bar is distinguishable from *Orr v. Fulton, supra,* and the other cases, in that the ruling of the court was upon a demurrer to the motion, and not upon the motion to vacate. The ruling of the court was upon both the demurrer and the motion; the former being sustained and the latter overruled. But it

seems to us this distinction is immaterial. There is no statute, nor is there any practice in this jurisdiction, which sanctions the filing of a demurrer to a motion of the nature of the one before us. The motion itself raised for determination an unmixed question of law, which the demurrer thereto in no way tended to accentuate. We think the case at bar is governed by *Orr v. Fulton, supra*, and the long line of cases supporting the rule therein laid down.

The motion to dismiss must therefore be sustained.

All the Justices concur.