## ALEXANDER et al. v. JACOBS et al.

No 13090—Opinion Filed March 18, 1924.

(Syllabus.)

1. **Appeal and Error—Record—Motions and Rulings.**

A motion presented in the trial court and the ruling thereon are not properly a part of the record, and can only be presented and preserved for review on an appeal to the Supreme Court by incorporating the same in a bill of exceptions or case-made.

2. **Same — Absence of Case-Made or Bill of Exceptions—Dismissal.**

Where the errors alleged are of such a nature that they cannot be reviewed upon transcript of the record, and no case-made or bill of exceptions was served, allowed, or filed, the appeal will be dismissed.

Error from District Court, Okfuskee County.

Action by Sallie E. Jacobs, nee Byrd, by her guardian, F. H. Behn, against Solus Huggins. After a compromise of the cause between the parties, M. M. Alexander and James M. Hays, attorneys for plaintiff, filed their motion for attorney's lien, which was denied, and they appeal. Dismissed.

M. M. Alexander and James M. Hays, for plaintiff in error.

R. E. Simpson and Hummer & Foster, for defendants in error.

MASON, J. This action was commenced by Sallie E. Jacobs, through her guardian, F. H. Behn, in the district court of Okfuskee county, Okla., against Solus Huggins to set aside a conveyance of certain lands and to quiet title thereto in the plaintiff. Said petition had indorsed thereon the proper notice of plaintiff's attorneys, M. M. Alexander and James M. Hays, that they were claiming a lien for attorney's fees. Pending the action, the defendant purchased the interest claimed by the plaintiff, she having reached her majority in the meantime, and the defendants then conveyed the land to O. J. Pharoah. Huggins then withdrew his answer, which had been filed, and filed a disclaimer. Paraoh, on his motion, was substituted as plaintiff, and the case was dismissed on his motion and at his cost. Alexander and Hays, attorneys for plaintiff, filed a motion for a lien on said lands for attorney's fees, to which Paraoh filed a response in the nature of a demurrer. The motion of Alexander and Hays was overruled, and they have appealed by transcript.

Defendants in error have filed a motion to dismiss the appeal upon the ground, among others, that the errors assigned do not appear upon the face of the record proper and are not presented by case-made or bill of exceptions. Plaintiffs in error were proceeding in the lower court by motion as provided for in section 4102, Comp. Okla. Stat. 1921.

This court has repeatedly held that only the petition, answer, reply, demurrers, process, orders, and judgments are parts of the record, and in order to present motions, affidavits, evidence, instructions, and other preliminary proceedings, the same must be brought into the record by bill of exceptions or case-made. Menten v. Shuttee, 11 Okla.

381, 67 Pac. 478; Devault v. Merchants' Ex. Co., 22 Okla. 626, 98 Pac. 342; Guess v. Reed 43 Okla. 124, 152 Pac. 390; Orr v. Fulton, 52 Okla. 621, 153 Pac. 149; Whitaker v. Chestnut, 65 Okla. 122, 165 Pac. 160.

The plaintiffs in error cite no cases in response to the motion to dismiss, but contend that this special procedure by motion takes the place of a petition in a new action and the response thereto presents the same questions of law that would be presented by a demurrer to a petition in a new action. This may be admitted, but the procedure herein is by motion and so designated by the statute (section 4102, supra), and therefore is no part of the record proper and the copying into the transcript of the record by the clerk of the motion and the order of the court thereon could not make them a part of the record. Fisher v. United States, 1 Okla. 253, 31 Pac. 195.

Since the matters complained of cannot be presented by transcript of the record proper, and have not been made a part of the record by case-made or bill of exceptions, this proceeding presents nothing that we can review, and therefore the motion to dismiss must be sustained.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and WARREN, JJ., concur.