## MITCHELL v. WHITE.

No. 13202—Opinion Filed Feb. 17, 1925.

**1. Chattel Mortgages — Methods of Foreclosure.**

The mortgagee in a chattel mortgage may foreclose his mortgage either by the provisions of chapter 74 or section 7646, Comp. Stat. 1921. If the mortgagor refuses to deliver possession for the purpose of foreclosure, the mortgagee is authorized to obtain possession by an action in replevin. If the plaintiff does not undertake to obtain relief in the action, farther than possession, it will be presumed that he intends to foreclose his mortgage by advertisement.

**2. Venue—Action for Possession of Personalty—Residence of Dedendant Immaterial.**

The proceeding for the possession of personal property is an action in rem. The district court of the county in which the property is situated has both jurisdiction and venue of the action without regard to the place of residence of the defendant or owner.

**3. Appeal and Error—Transcript of Record —Errors Appearing in Judgment Roll.**

The petition, the process, the return, the subsequent pleadings, orders, verdict, and judgment constitute the judgment roll. Errors which appear in the judgment roll may be brought to this court for review by transcript of the record properly certified to by the clerk of the court.

**4. Chattel Mortgages — Replevin for Fore-closure—Venue.**

Record examined, held, to be insufficient to support the judgment of the court dismissing plaintiff's action in replevin.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District court, Ellis County; T. P. Clay, Judge.

Action by W. N. Mitchell against C. G. White for the possession of personal property for the purpose of foreclosure of chattel mortgage. Action dismissed. Plaintiff brings error. Reversed and remanded.

Leedy & Blaine, for plaintiff in error.

Swindall & Wybrant, for defendant in error.

Opinion by STEPHENSON, C. C. G. White executed and delivered his note and chattel mortgage to the assignor of plaintiff, covering certain personal property situated in Ellis county. The defendant failed to pay the note and mortgage at maturity. The plaintiff commenced his action in replevin for the possession of the property situated in Ellis county, covered by the mortgage. The sheriff executed the writ, and after 24 hours delivered possession of the property to the plaintiff. The defendant, thereafter, filed his motion to dismiss the action in replevin for the reason that the court did not have jurisdiction of the subject-matter. The defendant based his objection to the jurisdiction of the court on the ground that he resided in Rogers county. The plaintiff did not seek relief in the action farther than the possession of the property. The court dismissed the action, apparently, on the ground that it did not have jurisdiction for the reason the defendant resided in Rogers county. The plaintiff has appealed the cause to this court and assigns the action of the court in dismissing the cause as error for reversal here. The resident judge who tried the cause was absent from the state at the time plaintiff desired to have case-made settled and signed. A special judge was assigned to the district and on application of the plaintiff, and a showing that the resident judge was absent from the state and detained on account of illness, settled and signed the case-made. The defendant in error has filed

motion to dismiss the appeal for the reason that it was not settled and signed by the judge who tried the cause.

The petition, the process, the return, subsequent pleadings, orders, and judgment, constitute the judgment roll. Any errors which appear in the judgment roll may be reviewed on appeal by transcript properly certified to by the clerk of the court. Wade v. Mitchell, 14 Okla. 168, 79 Pac. 95; Fortune v. Parks, 29 Okla. 698, 119 Pac. 134.

The case-made lodged in this appeal constitutes a transcript, as it is duly certified to by the court clerk as a transcript. The error assigned for reversal of the cause by the plaintiff in error is the dismissal of the cause by the trial court. The error complained of appears in the judgment roll. The transcript is sufficient to present the error upon which the plaintiff in error relies for reversal. It was not necessary for the plaintiff in error to perfect his appeal by case-made.

The mortgagee of personal property may foreclose his mortgage either by the provisions of chapter 74 or section 7646, Comp. Stat. 1921. If the mortgagor refuses to deliver possession of the property to the mortgagee, the latter may obtain possession by an action in replevin. If the plaintiff does not seek relief further than the possession of the property, it will be presumed that he intends to foreclose the mortgage by advertisement as provided by section 7646. supra.

A suit for the possession of personal property is an action in rem. The district court of the county in which the property is situated has both jurisdiction and venue of the action, without regard to the residence of the defendant or owner. It is admitted that the mortgaged property was situated in Ellis county. The court dismissed the action, apparently, on the ground that jurisdiction and venue reposed in the court of the county in which the defendant resided. It was error for the court to dismiss plaintiff's action for want of jurisdiction of the subject-matter.

The plaintiff seeks to obtain mere possession of the personal property in this action. As the plaintiff does not seek further relief than the possession, if it be awarded to him, he should then conduct his foreclosure proceedings under the provision of section 7646, supra.

It is recommended that this cause be reversed and remanded with directions to the court to reinstate plaintiff's action for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 11 C. J. pp. 699,700 §§ 493, 494 (1926 Anno). (2) 40 Cyc. p. 79. (3) 4 C J. p. 176. (4) 40 Cyc. p. 79.