## STATE BANK OF DAKOMA v. WEABER.

No. 16218. Opinion Filed March 2, 1926.

Rehearing Denied April 26, 1927.

**1. Appeal and Error — Judgment—What Constitutes Judgment Roll.**

The petition, the process, the return, the subsequent pleadings, orders, verdict and judgment constitute the judgment roll. Errors which appear in the judgment roll may be brought to this court for review by transcript of the record properly certified to by the clerk of the court.

**2. Set-off and Counterclaim—Equity to Allow Set-off.**

The power to allow a set-off of debts by a court of equity exists independent of the statute, where grounds of equitable interposition are shown, such as fraud.

**3. Pleading—Set-off and Counterclaim—Inquiry as to Validity.**

The validity of a counterclaim or set-off is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued defendant.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

STATE BANK OF DAKOMA v. WEABER        187

Action by George Weaber against the State Bank of Dakoma. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

R. M. Chase and E. W. Snoddy, for plaintiff in error.

A. J. Stevens and H. A. Noah, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Woods county, state of Oklahoma, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover judgment on a certain promissory note and to foreclose mortgage on certain real estate, securing the payment of said note. The plaintiff alleges in his petition that the defendant, State Bank of Dakoma, who is now plaintiff in error, claimed to have some interest adverse to the interest of the plaintiff herein, and asks that said bank be required to come into court and set up whatever interest it may have in said real estate.

To the plaintiff's petition the defendant, State Bank of Dakoma, filed its answer, admitting its interest, being the record owner of the land, and further pleading; and for its first cause of action and set-off, alleges that the appellee, George Weaber, was, at the time he procured the assignment of the note and mortgage sued on, a director and cashier of this defendant bank, and had the management thereof, and as such director and cashier had converted and used certain funds belonging to the bank in the sum of $6,900, and had so kept and manipulated the books of said bank as to prevent the directors from discovering said fraud until on or about the month of October, 1923, and after he, the said George Weaber, had severed his connection with said bank, and further alleges:

"That the said George Weaber was personally responsible for said shortage and to said bank for the amount thereof, which was intrusted to the said George Weaber by reason of his employment as such cashier, and he has never accounted to this answering defendant therefor; that by reason thereof the said George Weaber became and is indebted to the said bank in the said sum of $6,900, with interest thereon at six per cent. per annum from the 1st day of November, 1920."

And as its second cause of action, and set-off against the indebtedness as set forth in plaintiff's petition, this answering defendant alleges that during the time the said George Weaber, appellee, was director and cashier of the defendant bank, and while in the management and control of the bank and its affairs, the making of all loans was

by the board of directors left entirely to the said George Weaber; that during the said period of time the said Weaber was so acting, he wrote insurance for divers insurance companies, life, fire, storm, and farm insurance, and without the knowledge and consent of the stockholders of this answering defendant—

"The said George Weaber would go to the customers of the said bank, and by reason of his position as such cashier, prevail upon and induce the said customers and others to take out life, fire, and hail insurance, and for the purpose of inducing the said parties to take such insurance would loan to said parties so taking such insurance the funds of this defendant bank, and would take their notes therefor; that a part of said notes were made payable to the bank and a part of them made payable to the said George Weaber and by him indorsed to the said bank, and that upon the procuring of the said notes, he, the said George Weaber, would place the same in said bank and draw out of the funds of said bank in the full amount represented by said notes, and would place all the commissions and profits of such transactions to the personal credit of him, the said George Weaber; that during all of that time and in each of said transactions, he, the said George Weaber, would use the funds of this defendant bank to finance the same, and would loan the funds of said bank to the various parties with which to purchase such insurance, and this defendant alleges that thereby the commissions and profits of such transactions belonged to this defendant bank and not to the said George Weaber," etc.

The pleadings are rather voluminous, but we deem the above quotation sufficient for the purposes of this opinion. The plaintiff filed a motion to dismiss the cross-petition as set up by the defendant bank, and upon the hearing of same the court sustained the motion to dismiss defendant's cross-petition, from which order and judgment of the court the appellant prosecutes this appeal.

We will first notice the contention of appellee to the effect that this appeal should be dismissed for lack of jurisdiction on the part of the Supreme Court to entertain same, because the case-made was not filed within the time allowed by the court for the filing of same. The record discloses that the order and judgment of the court dismissing the appellant's cross-petition and set-off was rendered on October 3, 1924, and 30 days were allowed by the court from that date to make and serve case-made. On October 31st, and within the period of time covered by the extension, the court granted the appellant an additional extension of 90 days from the 31st day of October, 1924, which time expired on the 29th day of January,

1925, and on the 30th day of January, 1925, on the application of appellant, the court granted a further extension of time to make and serve case-made; this extension, being after the expiration of the former extension, was void and of no force and effect, and in this contention the appellee is correct.

Appellee also contends that the record as filed in this court cannot be considered as a transcript of the record, because no bill of exceptions was taken and filed, showing the motion to dismiss the defendant's cross-petition and set-off, and that under the status of the record this court can neither consider same as a case-made nor as a transcript of the record, but we are inclined to the opinion that the record may be considered by this court as a transcript of the record, and the matters involved disposed of upon their merits. Under section 781. C. S. 1921, a final order of judgment is defined to be:

"An order affecting a substantial right in an action. when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated. modified or reversed, as provided in this article."

The order and judgment rendered in this case, and from which the appeal is prosecuted. is a final judgment in so far as the rights of the parties were concerned in the matters set up in the defendant's cross-petition and set-off, which, in fact, involves a matter separate and distinct from the matter set up in plaintiff's petition, the final determination of which does not necessarily determine the matters involved by reason of the facts alleged in plaintiff's petition, and while this court may not be permitted to take into consideration the motion of the plaintiff, upon which the court acted at the time of the dismissal of this cross-petition and set-off, the record contains and discloses the judgment rendered by the court based on this motion, and it being a part of the judgment roll is properly a part of the transcript of the record, and the record is duly certified to by the clerk as being a full, true, and correct transcript of the record; hence we conclude that the record may be treated and considered as a transcript of the record.

The only question involved in the case is that of whether or not the court was in error in sustaining the motion to dismiss defendant's cross-petition, and the correctness or incorrectness of this action may be determined by reason of the pleadings and the judgment, which are contained in and

properly a part of the transcript of the record.

In the case of Mires v. Hogan, 79 Okla. 233, 192 Pac. 811, will be found a very exhaustive discussion of the question here involved, and as to what constitutes the judgment roll which may be reviewed on transcript, and in the third paragraph of the syllabus we find the following rule announced:

"A final judgment is a part of the judgment roll, and its correctness can be tested in this court by an examination of the judgment, its premises, recitals therein, the pleadings, and all parts of the judgment roll. and in considering such judgment it is not material to the jurisdiction of this court whether or not a judgment on the pleadings was rendered on a motion of a party or by the court on its own motion."

And in the body of the opinion, in discussing the nature of a motion to vacate and set aside the judgment, on page 337, first column, we find the following language:

"But the final judgment in this case is a part of the judgment roll. Under section 5146, R. L. 1910. it is as much a part of the judgment roll as any judgment can possibly be. It is unnecessary for us to look to the motion for judgment on the pleadings. Whether or not there was a motion is immaterial to the jurisdiction of this court, because there being no statute to the contrary, the district court has inherent power to render a judgment on the pleadings without any motion from either party."

And in the case of Mitchell v. White, 106 Okla. 218, 233 Pac. 746, it is held in the third paragraph of the syllabus:

"The petition, the process. the return, the subsequent pleadings, orders. verdict, and judgment. constitute the judgment roll. Errors which appear in the judgment roll may be brought to this court for review by transcript of the record properly certified to by the clerk of the court."

. And in the body of the opinion, on page 219, this court held:

"The case-made lodged in this appeal constitutes a transcript. as it is duly certified to by the court clerk as a transcript. The error assigned for reversal of the case is the dismissal of the cause by the trial court. The error complained of appears in the judgment roll. The transcript is sufficient to present the error upon which plaintiff in error relies for reversal. It was not necessary for the plaintiff in error to perfect his appeal by case-made."

The authorities above cited, we think, conclusively show and hold that the case-made lodged in this court is sufficient, and may be considered as a transcript of the record,

naving been duly certified to by the clerk as such.

Appellee also contends that this appeal should be dismissed because no final judgment was rendered by the trial court. We assume that this contention is based upon the fact that no final judgment was rendered on the issues raised or joined, by reason of plaintiff's petition and the defendant's answer thereto. Appellee cites authorities wherein this court, in dealing with demurrers and motions for judgments on the pleadings, where the motion involves and goes to all the pleadings in the case, has held that no appeal will lie from the order of the court sustaining the demurrer or sustaining the motion for judgment on the pleadings unless a final judgment is rendered based on the merits of the case, but in our judgment these authorities have no application to the facts with which we are here confronted. The motion to dismiss in this case only went to the cause of action set up by the defendant in its cross-petition as a set-off to plaintiff's cause of action, and the final disposition of this phase of the case on this particular cause of action will not determine the rights of the parties as they may exist under the pleadings of plaintiff and defendant, affecting plaintiff's cause of action against the defendant; they involve two separate causes of action which might have been the subject of two entirely different lawsuits, and the order and judgment based thereon in this cause is, in fact, a final judgment, in so far as the rights of the parties are concerned in the subject-matter of the defendant's cross-petition and set-off.

We will next consider the error of the court complained of in rendering judgment on the motion of plaintiff to dismiss defendant's cross-petition and set-off, and this involves the question of the right of the defendant to plead as a set-off the matters set forth in his first and second causes of action contained in his cross-petition. Section 273, C. S. 1921, provides:

"The defendant may set forth in his answer as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both."

And in the case of Caldwell v. Stevens, 64 Okla. 287, 167 Pac. 610, in the first paragraph of the syllabus this court said:

"The power to allow a set-off of debts by a court of equity exists independent of the statute, where grounds of equitable interposition are shown, such as fraud, embarras meri in enforcing the demand at law, or special circumstances, such as insolvency or nonresidence, which render it probable that party will lose his demand and be compelled to pay the demand of the other."

And in this case one of the allegations of defendant's cross-petition and set-off is fraud on the part of the plaintiff in the management and conduct of the defendant bank, whereby he became indebted to said bank in the various sums as alleged. The Caldwell-Stevens Case is similar in some respects to the case at bar, and the court, in discussing the allegations of the defendant set forth in his cross-petition as a set-off, denominates same as an equitable set-off that arose by reason of a fraud, or tort, and in discussing this phase of it on page 288, second column, the court said:

"As we have seen from the foregoing statement and specifications of error, the demurrer to the fourth paragraph of defendant's answer is based upon the theory that, inasmuch as the cause of action pleaded by way of set-off sounds in tort, and is not connected with and did not grow out of plaintiff's cause of action, it is not available as a set-off against the plaintiff in an action founded upon contract."

And in closing its discussion directed to this phase of defendant's cross-petition said:

"In our judgment the facts alleged in the fourth paragraph of the answer clearly charge the breach of a trust relation on the part of the plaintiff, which, in the circumstances of this case, constitute a proper subject for an equitable set-off.

"The power to compel a set-off of debts was exercised by courts of equity prior to any statute on the subject, and exists independent of those statutes, being allowed upon the general principles of equity and upon the equitable jurisdiction of the court over its suitors, and statutes allowing set-offs have not taken away the equitable jurisdiction, but have merely provided a remedy at law for the set-off of mutual claims between parties, which might always have been done in equity."

Under these authorities we think that the allegations found in defendant's cross-petition and set-off are sufficient, and constitute an equitable set-off, and that the court was in error in sustaining the motion to dismiss, upon the theory as set forth in the journal entry of judgment, that the facts alleged were not germane to the transactions set forth in plaintiff's petition.

This court, we think, has very correctly announced the rule governing counterclaims and set-offs in the case of Johnson v. Acme Harvesting Machinery Co., 24 Okla. 468, 103 Pac. 638, as follows:

"The validity of a counterclaim is to be

determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff if the plaintiff had not sued defendant."

This rule has recently been followed in the case of Braden v. Gulf Coast Lumber Co., 89 Okla. 215, 215 Pac. 202, and under the rules announced we think the allegations of the defendant's cross-petition were sufficient, and that the court was in error in sustaining the motion to dismiss, and therefore hold that the case should be reversed and remanded for a new trial, in conformity to the rules announced in this opinion.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 522 §2298; 34 C. J. p. 84 §226. (2) 34 C. J. pp. 633, 638 (Anno). (3) 34 Cyc. p. 666.