### HONEYMAN v. GALLAGHER et al.

No. 20736.   Opinion Filed June 24, 1930.

Rehearing Denied July 8, 1930.

Thos. A. Higgins and J. M. Springer, for plaintiff in error.

Brown Moore and Guy L. Horton, for defendants in error.

CULLISON, J.  This is an appeal from the judgment of the district court of Payne county, Okla., denying an application for temporary injunction.

The journal entry of judgment recites:

"And thereupon said cause is presented to the court upon application of the plaintiff for temporary injunction, and the plaintiff introduces his evidence in support of his application * * * and the court after hearing and considering the same * * * is of the opinion that said application for temporary injunction should be and the same is denied. * * *"

This appeal is by transcript of record attached to petition in error.  The record discloses the judgment of the trial court is based upon evidence adduced at the hearing on the application for temporary injunction.  We have examined the petition in error and find the assignment of error set forth therein is directed to the alleged error of the trial court in refusing and denying the injunctive relief sought by plaintiff below.  The assignment of error is such as necessitates an examination of the evidence introduced in the hearing of said cause, and can be reviewed only by bill of exceptions or case-made.

In Alexander v. Jacobs, 101 Okla. 149, 224 Pac. 527, the court held:

"Where the errors alleged are of such a nature that they cannot be reviewed upon transcript of the record, and no case-made or bill of exceptions was served, allowed or filed, the appeal will be dismissed."

In Haggerty v. Terwilliger, 67 Okla. 194, 169 Pac. 871, the court held:

"Assignments of error requiring an examination and consideration of the evidence will not be reviewed by this court, unless all the evidence relating thereto is preserved and brought up by case-made or otherwise."

Again, in Blumenfeld v. Anthis, 107 Okla. 90, 230 Pac. 228, the court held:

"Where the appeal to this court is by transcript and the errors assigned are such that they could only be presented by case-made or bill of exceptions, nothing is presented for review, and the appeal will be dismissed."

No attempt is made to bring the evidence introduced at the hearing of said cause into the record filed in this court, and under the rules laid down in the authorities above, there is nothing before this court for review.

The appeal is dismissed.

LESTER, V. C. J., and CLARK, HEFNER, ANDREWS, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.