## DIXON et al. v. WALTERS.

No. 23357. Opinion Filed Nov. 29, 1932.

M. L. Thompson, for plaintiffs in error.

Jarrett & Jarrett, for defendant in error.

PER CURIAM. The defendant in error was plaintiff in the trial court and the plaintiffs in error were defendants in the court below. The parties will be referred to here as they appeared in the trial court.

This appeal is by petition in error and transcript to review an order of the district court of Lincoln county, overruling the motion of the defendants and refusing to vacate a prior order and judgment made by the court dismissing the defendant's answer and cross-petition.

Defendant in error has filed motion to dismiss the proceedings in this court on the grounds that the order sought to be reviewed is not a part of the record, and therefore cannot be presented by transcript.

Gracie Walters filed action in the district court of Lincoln county against Alberta Dixon and Madie Gains et al., to which the defendants, Dixon and Gains, filed answers and cross-petitions, second and third amended answers and cross-petitions, and the plaintiff filed reply to the last amended answer and cross-petition of said defendants. The remaining defendants also filed answers and cross-petitions. The cause came on for trial August 3, 1931, and the defendants Dixon and Gains not appearing, on said date the court entered its order, the material part of which is quoted as follows:

"* * * And thereupon the said defendants Alberta Dixon and Madie Gains are three times called in open court to appear, but still fail to appear, and thereupon the court dismisses their actions for failure to prosecute same. * * *"

On August 5th said defendants filed motion to vacate the order dismissing the cross-petition, setting up statement of facts tending to show that defendants and their attorney were unavoidably prevented from being present and prosecuting said cause. The grounds stated come within subdivision 7, section 810, C. O. S. 1921 [O. S. 1931, sec. 556] wherein it is provided that the district court shall have power to vacate or modify its own judgment or order at or after the term at which said judgment or order was made, "for unavoidable casualty or misfortune preventing the party from prosecuting or defending."

The motion to vacate was not verified as required by section 812. C. O. S. 1921 [O. S. 1931, sec. 558] and which provides in part as follows:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 and 9, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify * * *"

The record discloses two affidavits by the attorney for said defendants, one filed on July 28, 1931, prior to the order dismissing, and the order filed on August 10, 1931, the date of the hearing on the motion to vacate. The order of the court overruling the motion to vacate the judgment was entered on August 10, 1931, and refers to the affidavit

as having been introduced as evidence; exceptions were noted and notice of appeal given. The order further granted 60 days for service of case-made, 20 days for amendment, and 5 days for settlement by notice in writing. No further extension of time was ever requested by the defendants or granted by the court. No motion for new trial was filed by said defendants Dixon and Gains.

It appears that the cause proceeded to trial on August 3rd, upon the issues between the plaintiff and the remaining defendants, and that the court took the matter under advisement until September 4, 1931, at which time final judgment was rendered in favor of plaintiff and against the defendants. The remaining defendants filed motions for new trial, which were overruled and extensions of time granted for service of case-made, but said remaining defendants, in so far as the record in this cause shows, did not perfect their appeal.

The record is duly certified by the clerk as a transcript, and on the 10th day of February, 1932, the last day of the six-month period subsequent to the order denying the motion to vacate the judgment, a copy of the transcript was delivered to the attorneys for plaintiff and the original filed in the trial court, withdrawn and filed in this court, together with petition in error.

The petition in error assigns the following alleged errors:

"(1) Overruling the motion of plaintiff in error to vacate its judgment;

"(2) Sustaining the demurrer to plaintiffs in error's cross-petition;

"(3) In dismissing the answer and cross-petition of the plaintiffs in error for want of prosecution;

"(4) In the abuse of its discretion;

"(5) Judgment is not supported by law and contrary to the weight of authority;

"(6) In denying the plaintiffs in error the right to have their day in court;

"(7) In failing to vacate the order dismissing plaintiffs in error's cross-petition when the fact of unavoidable delay and misfortune over which said plaintiffs in error had no control was brought to the court's attention."

The assignment of error No. 2 cannot be considered, for the reason that the record does not contain any order of the court sustaining or overruling any of the demurrers, does not show any exceptions were taken, and even if such order was entered it would have been prior to August 3rd, and no ap-

peal taken therefrom within six months, this court could not review such alleged error. The third assignment of error cannot be reviewed for the reason the order dismissing the answer and cross-petition of plaintiffs in error was entered on August 3, 1931, and the appeal was not filed in this court until February 10, 1932, more than six months subsequent to the date of said order.

In their response, planitiffs in error cite Mitchell v. White, 106 Okla. 218, 233 P. 746; State Bank of Dakoma v. Weaber, 125 Okla. 186, 256 P. 50; Quincy Show Case Works v. Briscoe, 126 Okla. 144, 259 P. 128; Shaw v. Grumbine, 137 Okla. 95, 278 P. 311. None of these cases are in point. In Mitchell v. White, supra, the appeal was from an order dismissing plaintiff's petition on the grounds that the court had no jurisdiction. In State Bank of Dakoma v. Weaber, the only question involved was whether or not the court was in error in sustaining the motion to dismiss defendant's cross-petition, and the court held that the correctness of the trial court's action may be determined by reason of the pleadings and judgment which were properly a part of the transcript of the record. In Quincy Show Case Works v. Briscoe, the appeal was from an order dismissing the action, after amended petition had been stricken, for failure to comply with the court's order, the plaintiffs having refused to plead further; and in the latter case the court properly held that the order was a part of the judgment roll. In Shaw v. Grumbine, supra, the appeal was from a judgment sustaining a motion for judgment on the pleadings and vacating a certain part of restraining order, and the court held that a motion for judgment on the pleadings is in the nature of a general demurrer, and that the pleadings and the final judgment were properly a part of the record and the judgment roll. In the Grumbine Case, however, on page 98, of 137 Okla., the court uses this language:

"The transcript shows certain evidence taken which cannot be considered by this court on this appeal by duly certified transcript instead of case-made."

It is very apparent that these cases are not controlling in the case at bar, neither do the holdings in said cases conflict with that of the cases hereinafter cited.

This court has repeatedly held that motions in the trial court and rulings thereon are not properly a part of the record, and can be presented for review only by incor-

porating the same into bill of exceptions or by case-made; that, where appeal is by transcript and errors assigned, such as can only be presented by case-made or bill of exceptions, nothing is presented for review. Honeyman v. Gallagher, 144 Okla. 148, 289 P. 748, and cases therein cited; Cooper v. Boyce, Co. Treas., 137 Okla. 221, 279 P. 306; Kortman v. Mason, 136 Okla. 94, 276 P. 482; In re estate of Cutchall 131 Okla. 226, 268 P. 269. In Orr v. Fulton, 52 Okla. 621, 153 P. 149, it was held:

"The action of the trial court in denying the motion to vacate a judgment cannot be reviewed by the Supreme Court on a transcript and petition in error.

"A motion to vacate a judgment copied into a transcript constitutes no part of the record and presents no question for review by the Supreme Court on appeal."

The rule of law as announced in Orr v. Fulton, supra, has been followed by this court in subsequent cases. Whitaker v. Chesnut, 65 Okla. 122, 165 P. 160; First National Bank of McAlester v. McIntosh, 113 Okla. 15, 237 P. 460. In Whitaker v. Chesnut, supra, it was held:

"Order of the court on a motion to vacate a judgment is not a part of the record proper and cannot be reviewed by this court on petition in error and transcript."

In Loyal Protective Insurance Co. v. Edwards, 124 Okla. 240, 255 P. 700, the rule of law is stated in the syllabus as follows:

"Where petition is filed under subdivision 7, section 810, C. O. S. 1921, seeking to vacate a judgment on the grounds of unavoidable casualty and misfortune preventing a party from defending, the issues thereon are joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court refusing to vacate the former judgment entered, a motion for new trial is necessary and the same must be incorporated, together with the action of the trial court thereon, in the case-made attached to the petition in error, and where no motion for new trial is filed, as in the instant case, the motion to dismiss the appeal should be sustained."

The record in this case brings it within the rule laid down by this court in the above cited authorities. The assignments of error relied upon cannot be considered upon transcript, and no question is presented to this court for review. The motion to dismiss the appeal is sustained and the appeal dismissed.