### HILL v. OKLAHOMA LIFE INS. CO. et al.

No. 26142.   Sept. 17, 1935.

Owen. F. Renegar, for plaintiff in error.

Priest & Belisle, for defendants in error.

PER CURIAM. This action was originally commenced in the district court as a damage action in connection with a foreclosure proceeding by the Oklahoma Life Insurance Company. It is impossible to tell from the purported transcript filed herein the nature of the proceedings, but the plaintiff in error has attached to the response to the motion to dismiss a copy of his third amended petition, which sets out a purported action for damages. In the transcript the first thing shown is a motion to strike on behalf of certain parties interested in the real estate and the oil lease in connection therewith. And then appears an affidavit to disqualify the judge made by James W. Hill, and thereafter, on the 27th day of July, 1934, Freeman E. Miller, district judge refused to disqualify upon the affidavit presented. Thereafter, on the 18th day of September, 1934, motions to strike were filed by various parties and the court sustained the motions and dismissed the action. No appeal was taken from that order and no notice of appeal given at that time by the plaintiff in error, plaintiff therein, or within 10 days thereafter.

A motion to dismiss has been filed which alleges, among other things, that such an order is not an appealable order, that no notice of appeal was given from the order sustaining the motion to strike and dismissing the action, and that the case is not properly here.

The transcript is irregular and not certified as a true, full and correct copy of all the proceedings had below.

We are of the opinion that it is unnecessary to determine whether or not the order of the judge refusing to disqualify is appealable, for the reason that this court has repeatedly held that motions, affidavits in support thereof, and rulings made thereon are not a part of the record proper unless so made by case-made or bill of exceptions; and where the errors complained of, if reviewable, could only be reviewed upon such case-made or bill of exceptions and the appeal is by transcript, the appeal will be dismissed. First National Bank v. McIntosh, 113 Okla. 15, 237 P. 460; Lamb v. Young, 24 Okla. 614, 104 P. 335; Exchange National Bank of Ardmore v. Merritt, 108 Okla. 184, 235 P. 180; Cable v. Myers, 43 Okla. 302, 142 P. 1114; Powell v. Nichols, 26 Okla. 734, 110 P. 762, 29 L. R. A. (N. S.) 886. It is also unnecessary to pass upon the irregularities of the transcript. The appeal is dismissed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.