HARRIS v. DOGGETT.

No. 32000. Jan. 23, 1945.

Rehearing Denied Feb. 13, 1945.

*155 P. 2d 714.*

Cornelius Hardy, of Tishomingo, for plaintiff in error.

Sigler & Jackson and Earl I. Gray, all of Ardmore, for defendant in error.

PER CURIAM. This is an appeal by transcript from a proceeding after judgment. Judgment was entered on the 24th day of February, 1942. On or about the 1st day of May, 1944, defendant filed a motion to vacate the judgment. On June 12, 1944, plaintiff filed a motion to strike and dismiss said motion to vacate for want of jurisdiction. On July 3, 1944, the court held a hearing on the motion to vacate the judgment and at the conclusion thereof stated that plaintiff's motion to strike was

overruled, and in this order the court further stated that if the defendant filed his affidavit showing that he did not know and had no notice of this case being filed and filed his answer, said cause should be opened up and that the defendant should be let in to defend against plaintiff's action without prejudice to his right to plead and offer any defense. This order states that both plaintiff and defendant excepted thereto. Thereafter, on July 13th, defendant filed his affidavit to vacate the judgment showing a lack of notice, and also filed an answer pursuant to the order of July 3, 1944. To this last motion and answer plaintiff, on July 28, 1944, filed his motion to strike and dismiss for want of jurisdiction.

This motion was heard on July 31st and thereon the court entered the following order:

"Now on this 31st day of July this matter came on for hearing upon the motion of the plaintiff to vacate and set aside and quash the findings and strike from the record the motion to vacate the judgment filed by the defendant and to strike the answer of the defendant Ben F. Doggett filed July 13, 1944, and the plaintiff appeared by his attorney and the defendant Ben F. Doggett appearing by his attorney and the court having heard said matter and being fully advised in the premises finds that on the 3rd day of July, 1944, at a hearing upon the motion filed by the plaintiff the court found that said judgment should be opened under title 12, section 176 Oklahoma Statutes of 1941, and made an order opening said judgment upon the defendant Ben F. Doggett filing his answer and proof that he had no notice of the pendency of this case in time to appear and defend against the same. And it appearing to the court that said defendant Ben F. Doggett had duly filed his answer in this case and had filed his affidavit and proof that he had no notice of the pendency of this case having been presented to the court, the court finds that said motion should in all things be overruled and overrules the same.

"Wherefore it is ordered, adjudged and decreed by the court, that the motion herein filed and styled, 'Motion to Strike and Dismiss for Want of Jurisdiction,' be and the same is hereby, in all things, overruled and denied and the said plaintiff is given exception to the ruling of the court."

Whether the trial court intended to grant the motion to vacate or to overrule the motion to strike, the proceeding is had on motion and the order and rulings made thereon are not a part of the record and cannot be brought to this court by transcript, and unless incorporated in a case-made or bill of exceptions, the errors arising thereon cannot be considered on appeal. Richardson v. Beidleman, 33 Okla. 470, 126 P. 823; Little v. Employer's Casualty Co., 180 Okla. 628, 71 P. 2d 687; Dime Savings & Trust Co. v. Able, 185 Okla. 461, 94 P. 2d 834; Savery v. Cochran, 174 Okla. 511, 51 P. 2d 290. In Savery v. Cochran, supra, we said:

"A motion to vacate a judgment and the order made thereon are no part of the record, and unless the proceedings thereon are incorporated in a case-made or bill of exceptions and duly presented to this court, the error predicated upon such motion and order will not be reviewed."

In Hill v. Oklahoma Life Ins. Co., 173 Okla. 472, 50 P. 2d 320, we said:

"Motions, affidavits in support thereof, and rulings made thereon are no part of the record proper, unless made so by case-made or bill of exceptions; and where the errors complained of could only be reviewed upon a case-made or bill of exceptions, and the appeal is by transcript, the appeal will be dismissed."

The appeal is dismissed.