JORDAN BUS COMPANY, a corporation,
Plaintiff in Error,

v.

Kate WAFER, Defendant in Error.

No. 36172.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Rehearing Denied Dec. 14, 1954.

Application for Leave to File Second Petition for Rehearing Denied Jan. 7, 1955.

O. A. Brewer, Hugo, for plaintiff in error.

Hal Welch, Hugo, Don Welch, Don E. Welch, Madill, for defendant in error.

O'NEAL, Justice.

The question here presented is whether the defendant in error's motion to dismiss the appeal should be granted. The plaintiff in error has perfected the appeal and asks this court to review the action of the District Court of McCurtain County, Oklahoma, taken on the 15th day of May, 1953, wherein the trial court overruled plaintiff in error's motion to vacate a judgment rendered against it by default on April 3, 1953.

The defendant in error, as plaintiff below, and the plaintiff in error, as defendant below, will hereinafter be referred to as plaintiff and defendant as they appeared in the trial court.

On April 3, 1953, plaintiff obtained a money judgment against the defendant by default. On April 11, 1953, defendant filed its motion to vacate said judgment. Plaintiff filed a response to said motion on May 15, 1953, and on the latter date, the motion to vacate the judgment was heard and denied. The defendant excepted to the order of the court but did not give any notice of appeal nor take any extension of time to make and serve case-made. On May 16, 1953, defendant filed its motion for a new trial. On May 21, 1953, defendant filed its written notice of intention to appeal to the Supreme Court from the order overruling its motion to vacate the default against it. The record fails to show that defendant at the time asked for or obtained an extension of time to make and serve case-made.

On the 5th day of June, 1953, defendant's motion for a new trial was overruled. Defendant saved exceptions to said ruling and on that date, in open court, gave notice of its intention to appeal to the Supreme Court, and at the time the defendant was given sixty days from said June 5, 1953, to make and serve case-made. Plaintiff reserved exceptions to the Order of the Court granting sixty days in which to make and serve case-made.

The case-made was served upon plaintiff and her attorney on the 16th day of July, 1953, sixty-two days after the motion to vacate the default judgment was overruled. No extension of time was asked for or received by defendant during the sixty day period granted to serve case-made. Thereafter, on August 7, 1953, upon defendant's application, it was granted twenty days additional time within which to appeal, in addition to the three months granted by statute. The purported case-made was settled on August 24, 1953, and the appeal was lodged in this court on August 27, 1953.

In support of plaintiff's motion to dismiss the appeal they assert that the errors com-

plained of cannot be presented by transcript; that the case-made here presented is insufficient to give this court jurisdiction because: (a) It was not served within the time required by law; (b) The filing of the Motion for a New Trial did not operate to extend the time for perfecting the appeal nor the time within which case-made is required by law to be served; and (c) The time for serving case-made expired fifteen days after the order of May 15, 1953, overruling the Motion to Vacate Judgment, and the purported order extending time, made on June 5, 1953, after the Motion for a New Trial was overruled was not a valid or effective extension of time.

The defendant conceding that it filed its motion to vacate the default judgment within the term that the judgment was rendered here contends that the motion to vacate should be treated as a Petition to Vacate, and if so construed the plaintiff's motion to dismiss is not well taken as a motion for a new trial is necessary to set aside a default judgment under the provisions of Title 12 O.S.1951 § 1031, subdivisions 4–9, inclusive.

■ Upon the trial the parties introduced evidence in support of and in opposition to the motion to vacate the judgment; therefore, the alleged errors cannot be presented by transcript. Campbell v. Aetna Bldg. & Loan Ass'n, 183 Okl. 28, 79 P.2d 791; Harris v. Doggett, 195 Okl. 156, 155 P.2d 714; Hill v. Oklahoma Life Ins. Co., 173 Okl. 472, 50 P.2d 320.

■ Therefore, we must examine the record to determine whether the defendant has filed in this court a case-made as provided by statute. Under Title 12 O.S.1951 § 958, the case-made, or a copy thereof, must be served within fifteen days after the judgment or order is rendered, upon the opposite party or his attorney. Defendant did not serve a copy of the case-made upon the plaintiff or her attorney within the fifteen day period; therefore, the order of June 5, 1953, extending the time to make and serve case-made was a nullity. Robe v. Fullerton-Stuart Lumber Co., 47 Okl. 617, 149 P. 1157; Boulanger v. Midland Valley Mercantile Co., 36 Okl. 120, 128 P.

113; Clayton v. Clayton, 202 Okl. 576, 216 P.2d 314.

To circumvent the authoritative effect of the cited cases the defendant contends that a motion for a new trial was necessary under Title 12 O.S.1951 § 1031, subdivisions 4 to 9, and that its Motion to Vacate should be treated as a Petition to Vacate, and as an independent action, thus making its motion for a new trial effective as an extension of time within which to make and serve case-made.

■■ We think it is immaterial whether defendant characterizes the paper Motion to Vacate or Petition to Vacate. The proceeding had was within the term and the court had the inherent common-law right to entertain the matter. Williams v. Long Bell Lbr. Co., 203 Okl. 250, 219 P.2d 992.

■ In Welborn v. Whitney, 179 Okl. 420, 65 P.2d 971, 972, we held:

"A petition to vacate an order or judgment, which is filed within the term in which the order is made or the judgment rendered, will be treated and considered as a motion to set aside such order or to vacate such judgment."

In Corliss v. Davidson & Case Lbr. Co., 183 Okl. 618, 84 P.2d 7, 8, we held:

"Proceedings to vacate or modify a judgment or order on the grounds mentioned in subdivisions 4 to 9, inclusive, Sec. 556, O.S.1931, 12 Okla.St. Ann. § 1031, subds. 4–9, if brought within the same term in which the judgment or order under attack was rendered, may be instituted either by motion or petition, notwithstanding Section 558, O.S.1931, 12 Okla.St.Ann. § 1033, and if it is begun by petition during the same term it will be treated as a motion."

To the same effect is the holding in Commonwealth Life Ins. Co. v. Avery, 205 Okl. 274, 237 P.2d 433.

We have examined cases relied upon by defendant and find that in each case the relief sought was by petition to vacate and the petitions were filed after the term in which default judgments were entered.

■ Our jurisdiction is challenged solely upon the ground that defendant has not complied with the terms of the statute with reference to the appeal. Under our former decisions we conclude that the challenge of jurisdiction is well taken. As aptly stated by Chief Justice Chase: "Judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the law confers."

The motion to dismiss the appeal is granted.

JOHNSON, V. C. J., and CORN, ARNOLD, and PERDUE, JJ., concur.

HALLEY, C. J., and DAVISON, WILLIAMS and BLACKBIRD, JJ., dissent.

WELCH, J., having certified his disqualification in this case, Honorable C. B. PERDUE, Wilburton, Oklahoma, was appointed special Justice in his stead.

HALLEY, Chief Justice (dissenting).

In my judgment the majority opinion is wrong when it holds that the time for serving case-made in this case expired fifteen days after the order of May 15, 1953, overruling the defendant's motion to vacate the judgment. The opinion is also incorrect when it determines that the order extending time for the service, suggesting amendments and settling of case-made which was entered on June 5, 1953, after the motion for new trial was overruled, was not a valid order. This is an appeal by case-made and properly so.

This is an important case for the reason that two default judgments have been entered against the defendant, one for $50,000 and the second for $25,000. An offer to settle both of these cases for $5,000 was made by the plaintiffs in the cases before the default judgment was taken. To this day, the defendant has not had an opportunity to present its defense to the claims made against it.

It is well settled by this Court that an application made during term time for the vacation of judgment under 12 O.S.1951 § 1031, may be made by motion or petition.

We quote from Corliss v. Davidson & Case Lumber Co., 183 Okl. 618, 84 P.2d 7, 11:

"* * * And in Welborn v. Whitney, 179 Okl. 420, 65 P.2d 971, we went so far as to say that a petition to vacate, filed within the same term in which the order or judgment was rendered, will be treated as a motion to set aside the order or to vacate the judgment. It is therefore clear that proceedings to vacate or modify a judgment or order on the grounds mentioned in subdivisions four to nine, inclusive, Section 556, O.S.1931, 12 Okl. St.Ann. § 1031, subds. 4–9, if brought within the same term in which the judgment or order under attack was rendered, may be instituted either by motion or petition, notwithstanding Section 558, O.S.1931, 12 Okl.St.Ann. § 1033, and that if it is begun by petition same will be treated as a motion."

With this statement in the books, I think counsel for defendant was justified and correct in filing a motion to vacate the judgment.

In Hale v. McIntosh, 116 Okl. 40, 243 P. 157, we held that a motion to vacate a judgment had sufficient averments as a petition and stated facts sufficient to entitle the moving party to the relief prayed for. The motion to vacate in the case at bar was very comprehensive and if sustained by the evidence entitled the movant to relief. A response to the motion was filed in this case and evidence offered.

Since we have held it is immaterial whether the application to vacate is called a motion or a petition, we come to the question of the necessity for filing a motion for a new trial after the decision on the motion or petition. It was settled by this Court in Harper v. Rutland Savings Bank, 79 Okl. 274, 192 P. 1101, 1102, that in a proceeding to vacate a judgment under section 1031 that if the motion was based on grounds in subdivisions one, two and three, that a motion for a new trial was not necessary but that if the proceeding was under subdivisions four to nine, inclusive, that a motion for new trial was necessary. I quote from it:

"It will be observed that the judgment or order sought to be vacated for causes set forth in subdivisions one, two, and three of section 5267, supra, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action, while the procedure required under the remaining paragraphs of the section shall be by petition upon which a summons shall be served as in the commencement of an action.

"In the former, the proceedings are carried on under the original action and the judgment or order of the trial court rendered upon such motion may be appealed from by the party aggrieved without the necessity of a motion for a new trial. In the latter, however, the procedure is in the nature of an original action.

"The trial is conducted, as any other action of an equitable nature, and, in order to have the errors occurring during the progress of the trial or the evidence reviewed by this court, a motion for a new trial must be filed and such motion and the ruling of the trial court thereon preserved by being incorporated in the case-made. * * *"

The proceeding here was under subdivision number seven for unavoidable casualty or misfortune. Clearly a motion for new trial was necessary.

We have so held in other cases. In Smith v. Smith, 102 Okl. 70, 226 P. 368, we said a motion for new trial was necessary for an appeal in a proceeding to vacate a divorce decree. The same ruling was made in Brady v. Sampson, 104 Okl. 72, 230 P. 248, 249, in which opinion this statement was made:

"* * * An examination of the record further discloses that the proceeding brought must be treated as a proceeding to vacate and set aside an order and judgment of the court under subdivision four of section 810, Comp. Stat.1921, which is the same as section 5267, Rev.Laws 1910. That being the status of this cause, has this court any jurisdiction to examine this appeal upon its merits or upon the merits of the controversy as presented to the trial court by the several motions?"

After quoting in that case from Harper v. Rutland Sav. Bank, supra, we made this statement:

"We think the rule laid down there is applicable and controlling here. A motion for a new trial was necessary under our practice. There being no motion for a new trial filed in the court below, and ruling had thereon, this court has no jurisdiction to examine the cause upon its merits. There is nothing presented here for review."

In the case of Parker v. Rennie, 136 Okl. 122, 276 P. 721, 722, a default judgment was entered on July 16, 1928. Proceedings to vacate the judgment were begun during term time and the application was denied August 13, 1928. No motion for new trial was filed by plaintiff in error after the application was denied. We quote from that opinion:

"The petition filed by the defendant Parker to vacate the judgment of the court previously rendered in said cause alleges that the said judgment was procured by fraud practiced upon the court and the defendant Parker by the plaintiffs. The allegation of fraud being incorporated in the said petition brings the pleadings within the fourth subdivision of section 810, C.O.S.1921, and this court, in the case of Smith v. Smith, 102 Okl. 70, 226 P. 368, has held that, to enable this court to review the action of the trial court in refusing to vacate a judgment on a petition filed under the fourth subdivision of section 810, supra, it is necessary to file a motion for new trial, calling the attention of the trial court to the alleged errors committed during the trial of said cause, and that, where no motion for new trial is filed, this court will not review the action of the trial court in refusing to vacate the judgment."

It was held by this Court in Dixon v. Walters, 160 Okl. 172, 16 P.2d 571, in a case where a default judgment was taken and two days later a motion to vacate was filed and in term time as follows:

"A motion or petition, seeking to vacate a judgment on the grounds of unavoidable casualty and misfortune preventing a party from prosecuting or defending, comes within the provisions of subdivision 7, § 810, C.O.S.1921 (O. S.1931, sec. 556) and is in the nature of an independent action, and in order that this court may review the judgment of the trial court refusing to vacate a former judgment entered, a motion for new trial is necessary and the same must be incorporated, together with action of the trial court thereon, in the record filed in this court."

In the case at bar the motion to vacate was filed during term time. A motion for new trial was filed to the order or judgment denying the motion to vacate. An appeal has been properly effected from the order overruling the motion for new trial. The filing of the motion for new trial was essential under our decisions. It would be a gross injustice to dismiss the appeal in this case. I dissent.