## FIRST NATIONAL BANK OF HASTINGS v. OMAHA NATIONAL BANK.

FILED NOVEMBER 9, 1899. No. 8,998.

Negotiable Instruments: INDORSEMENTS: AGENCY: ESTOPPEL. The conclusions announced in *First National Bank of Hastings v. Farmers & Merchants Bank*, 56 Nebr., 149, approved and followed,

as governable of the matters of litigation in the present case, and, having been stated there, need not and will not be restated here.

ERROR from the district court of Douglas county. Tried below before FAWCETT, J.  *Reversed.*

*A. M. Post* and *J. B. Cessna,* for plaintiff in error.

*T. J. Mahoney, contra.*

HARRISON, C. J.

On and prior to October 15, 1891, also during a portion of the year 1892, A. M. Swartzendruver, then a resident and in business in Columbus, forwarded a number of applications for loans on farm lands situate in Platte county to the Nebraska Loan & Trust Company at Hastings, inclusive of one which purported to be made by John Liske, and another which was the apparent act of a person named Robert E. Long.  The applications were approved, the bonds and mortgages prepared and sent to Swartzendruver, and by him returned to the company, each in appearance properly executed by the party in whose name, as maker, it was written.  Drafts or checks on the First National Bank of Hastings were prepared, each in an amount necessary to meet the requirements in that regard of the loan to which it was to be applied, and payable to the order of the party in whose name the loan in terms ran, and they were forwarded to Swartzendruver.  The signatures to the applications were by marks, as were those to the bonds, coupons and mortgages, and each was witnessed by Swartzendruver, and he, as notary public, signed certificates of the acknowledgments to the mortgages.  The check, which was payable to Robert Long, was indorsed "Robert $\overset{\text{his}}{\text{x}}$ Long, witness A. M. Swartzendruver," and presented by Swartzendruver to the Farmers & Merchants Bank of Platte Center, and the amount for which it called paid to him.  It

was by the bank indorsed, "Pay to the order of the First National Bank of Columbus," and forwarded to it, and by it indorsed to the order of and sent to the Omaha National Bank, and by it indorsed and forwarded to the First National Bank of Hastings, and by it paid. The check, which was payable to John Liske, was indorsed "John $\overset{\text{his}}{\text{x}}$ Liske, witness A. M. Swartzendruver," and received like treatment as to presentation, payments, indorsements etc., as did the one to Robert E. Long. The trust company subsequently claimed to have information that the indorsement of Long and Liske were forgeries and was, on application and request and representations in regard to the facts, credited back on its account with the bank at Hastings the amount or the aggregate sum of the checks, and the Hastings bank commenced this action against the Omaha National Bank on its indorsements of the checks, and in the district court, as a result of a trial to the court and a jury, there was a verdict and judgment for the Omaha bank. The plaintiff, the Hastings bank, presents the case here for review.

In an action by the First National Bank of Hastings against the Farmers & Merchants Bank of Platte Center a recovery was sought on an indorsement of a check of the same trust company, issued and sent to A. M. Swartzendruver and payable to the order of a supposed borrower and mortgagor of farm land, and the facts and circumstances of that transaction were similar—did not differ in any material particular or point from these involved in the present litigation. The signatures of the applicant and borrower in the transaction involved therein were all by mark, the first indorsement in point of time of the check was by mark and witnessed by Swartzendruver. In one matter of loan shown in this cause the letter which accompanied the check, when forwarded to Swartzendruver, contained many more directions in regard to the completion of the loan than did the one sent

in the transaction which was ventilated in the former case. But they were, in view of all the facts disclosed, immaterial in their effect on the result of the litigation. Portions of the evidence given or used in the trial of the former case were introduced in this. All the matters of controversy were fully examined and discussed in the former cause. For opinion, see *First Nat. Bank of Hastings v. Farmers & Merchants Bank*, 56 Nebr., 149. After again considering the points as further presented in the case at bar, we must announce our approval of the conclusions reached in that adjudication of the rights of the parties, and they are entirely applicable and governable in this action. Within the doctrine then stated the instructions in this case on the subject of the effect of the agency of Swartzendruver for the trust company on the matters of litigation were erroneous, in that they ignored any knowledge in the Platte Center Bank, at the time it paid the check, of the extent of such agency. The judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.