(96 App. Div. 71.)

MULLER et al. v. NATIONAL BANK OF CORTLAND.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. BANKS AND BANKING—DEPOSITS—PAYMENT OF CHECKS—FORGED INSTRUMENTS—LIABILITY OF SUBSEQUENT INDORSER—DEFENSE OF SUIT—COSTS.

A depositor in plaintiffs' bank drew checks thereon payable to a payee, whose agent forged the payee's signature, after which the checks were presented to plaintiffs for payment with the forged signature and the subsequent signature of defendant bank thereupon. Plaintiffs paid the checks, and charged them to the depositor's account, and were sued in conversion by the payee. Defendant declined to defend the action, after having been requested to do so, although it approved of the defense interposed by plaintiffs. Judgment was rendered against plaintiffs, which they paid. Held, that plaintiffs could not recover from defendant, because of its subsequent indorsement, the costs or counsel fees incurred in defending the action.

2. SAME—APPROVAL OF DEFENSE—EFFECT.

The fact that defendant approved of the defense interposed by plaintiffs did not render it liable for costs, after having specifically declined to assume the defense.

3. SAME—GOOD FAITH—SUCCESS OF DEFENSE.

Nor was plaintiffs' right to recover costs enlarged by their good faith in asserting the defense, or their partial success in defeating a recovery on one of the checks which were the subject of the action.

Controversy submitted under Code Civ. Proc. § 1279, by Peter D. Muller and Albert C. Muller against the National Bank of Cortland, N. Y. Judgment ordered for plaintiffs.

The plaintiffs are bankers doing business under the name of Muller Bros. at Cortland, N. Y. F. J. Westcott was a depositor in the plaintiffs' bank, and drew three checks thereupon—one of $64.42, bearing date April 22, 1897; the second of $33.75, bearing date August 20, 1897; and the third of $8.32, bearing date February 16, 1898. These checks were made payable to the Dunn-Salmon Company, who were selling goods to Westcott through their agent, one C. F. Seybold. Upon these checks the signature of the payee was afterwards forged by said Seybold, and the checks were presented to the plaintiffs for

payment with the forged signature, and with the signature of said Seybold, and the signature of the defendant bank thereupon. The plaintiffs paid the checks and charged them to the account of Westcott, the maker. The Dunn-Salmon Company gave credit to Westcott for the checks, and sued the plaintiffs in conversion for the payment of their checks upon a forged signature. Of this action the plaintiffs gave the defendant notice, with a request to defend the same. The defendant declined to assume the defense of the action, although its officers stated that they believed a good defense existed. The action was defended by the plaintiffs, and the defense was successful as to the check for $64.42, but unsuccessful as to the other checks, and judgment was entered against the plaintiffs for the amount of those two checks, aggregating, with interest, at the time of the judgment, $54.36. To this sum as damages was added in the judgment the sum of $155.04 as costs. This judgment has been paid by the plaintiffs. The expense of the plaintiffs for counsel in defending that action was $72.48. For these sums, to wit, the amount of recovery, including costs, and the amount expended for counsel in the defense of the action brought by the Dunn-Salmon Company, these plaintiffs sued the defendant. Thereafter the matter was agreed to be submitted under section 1279 of the Code of Civil Procedure. Up to the time of said agreement costs of the action amounting to $23 had accrued.

Five questions are here submitted: First, whether the plaintiffs are entitled to recover from the defendant the amount of the $33.75 check, together with interest; second, whether the plaintiffs are entitled to recover of the defendant the amount of the $8.32 check, with interest; third, whether the plaintiffs are entitled to recover of the defendant the sum of $155.04, the costs included in the judgment against the plaintiffs brought by Dunn-Salmon Company; fourth, whether the plaintiffs are entitled to recover of the defendant the sum of $72.48, the amount of their costs for counsel fee in defending said action; fifth, whether the plaintiffs are entitled to recover of the defendant the sum of $23, being the costs in the action brought by the plaintiffs against the defendant which had accrued prior to this submission to the court.

Louis F. Doyle, for plaintiff.
John O'Donnell (Riley Champlin, of counsel), for defendant.

SMITH, J. Defendant admits its liability upon the matters specified in the first, second, and fifth questions. It denies its liability either for the costs included in the judgment of the Dunn-Salmon Company against the plaintiffs, or for counsel fee paid by the plaintiffs in the defense of that action. These two, then, are the only disputed questions here for determination. In Corn Exchange Bank v. Nassau Bank, 91 N. Y. 74, the plaintiff had paid a check to which the name of the payee had been forged, after which forged signature, however, the defendant had indorsed the same. The depositor whose moneys had been wrongfully paid out by the plaintiff procured judgment against the plaintiff for the amount of moneys thus paid out, and for costs. In an action brought by the plaintiff against the defendant upon its indorsement made subsequent to the forged indorsement, it was held that the plaintiff might recover the amount of the checks, with interest, but could not recover the costs included in the judgment which plaintiff had paid to its depositor. Danforth, J., in discussing the authorities cited in behalf of the plaintiff in that action said, on page 80:

"In the other cases cited by the respondent, the plaintiff had become liable to costs in actions in which he had a remedy over against the then defendant, but in none of them did it appear that the action in which the costs were incurred was caused in whole or in part by the wrongful act or omission of

duty on the part of the original defendant. No case, I think, can be found in which the right to costs of defending an action so caused has been upheld, and that is precisely the position of the plaintiff here."

If, in the case at bar, the action had been brought by Westcott against the plaintiffs to recover his deposit instead of by Dunn-Salmon Company for the conversion of the checks, the cases would then have been hardly distinguishable, and the authority of the case cited would probably be unquestioned. Within the reasoning, however, of Judge Danforth in that case, I am unable to see that the changed condition affects the force of the authority. In the case cited the plaintiff had failed in its duty to its depositor, and in the action brought to enforce that duty had been compelled to pay costs. These costs it sought to recover against a defendant who had guarantied, by its subsequent indorsement, the forged indorsement. Nevertheless the court held, because the costs were recovered in an action wherein it was charged with a violation of duty, it could not recover the same against the defendant therein, who was only connected with the check by reason of its subsequent indorsement. In the case at bar judgment has been recovered against the plaintiffs for a wrong for the conversion of a check which was the property of the Dunn-Salmon Company. This is certainly no less a wrong than the payment of moneys belonging to a depositor upon a forged indorsement. If the case were a new one, I should have grave doubt whether these questions could be raised by the defendant bank, who had warranted the genuineness of that indorsement by its subsequent indorsement. Under the authority cited, however, we feel bound to hold that, by the payment of the costs in the judgment of the Dunn-Salmon Company, the plaintiffs have secured no right to indemnity as against the defendant.

It is unnecessary to discuss the various cases cited by the plaintiffs herein, as they are fully discussed in the Case of Corn Exchange Bank, cited above, and we can see no facts which would take the case out of the principle there cited. That the defendant in this case approved of the defense interposed by the plaintiffs cannot alter its liability after having specifically declined to assume the defense. Nor can the plaintiffs' right be affected by their good faith in asserting the defense or their partial success in defeating a recovery upon one of the checks which were the subject of the action.

The third and fourth questions must be answered in the negative, and judgment ordered for the plaintiffs for the sum of $33.75 with interest from September 1, 1897, for the sum of $8.32 with interest from February 24, 1898, and for the sum of $23, with costs. All concur.