(112 App. Div. 360)

### ORIENTAL BANK v. GALLO.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

1. BILLS AND NOTES—PRIOR INDORSEMENT OF CHECKS—FORGERY—EVIDENCE.
    Evidence in an action by a bank for money paid on a check indorsed to it by defendant examined, and *held* to support a finding that the prior indorsement was a forgery, entitling the bank to recover.

2. SAME—SUBSEQUENT INDORSER—LIABILITY.
    A person's indorsement of a check is a warranty of the genuineness of a prior indorsement, and on discovery of the forgery thereof he is liable to make good the amount he has received on the check.

    [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 669, 672.]

3. SAME.
    A holder of a check under a forged indorsement indorsed it to a bank, and received the money thereon. The bank was paid the amount thereof by the drawee, who on discovering the forgery sued the bank to recover the amount paid. *Held*, that it had authority to compromise the suit, and recover from the holder on proving the forgery.

Appeal from Trial Term, Kings County.

Action by the Oriental Bank against Saverio Gallo. From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

J. Stewart Ross, for appellant.
De Witt Bailey, for respondent.

HIRSCHBERG, P. J. This action is brought by the Oriental Bank to recover from the defendant, its depositor, the amount of a check deposited by the latter in the bank, upon the ground that the indorse-

ment immediately prior to that of the defendant is a forgery. The check is the check of the Brooklyn Savings Bank, drawn upon the Nassau National Bank, certified by the latter, and indorsed to the order of Antonio Cona, purporting to be indorsed by Antonio Cona, and then indorsed by the defendant. On the deposit of the check by the defendant with the Oriental Bank, the plaintiff, the amount of the check was credited to the defendant's account, and in due course the check was paid to the plaintiff through the clearing house by the Nassau National Bank; the indorsements being guarantied, in accordance with custom. The Brooklyn Savings Bank afterwards discovered that the indorsement of Antonio Cona on the check was forged. The Nassau National Bank thereupon on demand repaid the amount of the check to the Brooklyn Savings Bank, and thereafter sued the plaintiff to recover such amount on its guaranty of the indorsements made at the time of the payment through the clearing house. The plaintiff paid the Nassau Bank the amount of the check, with the costs and attorney's fees, in settlement of the action, and thereupon demanded from the defendant repayment of the money, and duly offered to return the check to him.

The only disputed question in the case, and which was properly submitted to the jury, and I think correctly decided by them, was whether or not the signature of Antonio Cona in the indorsement on the check was a forgery. While this question was submitted as a disputed one, the evidence all points to the conclusion that the indorsement was forged. It appears that in the month of January, 1903, Antonio Cona, a resident of No. 273 Tillary street, in Brooklyn, in company with another who owned the money, made a deposit of $600 in the Brooklyn Savings Bank. The money was deposited in the name of Antonio Cona, but the passbook was taken by the owner of the money. In some manner not explained the passbook subsequently came into the possession of another person named Alphonse Cona, but sometimes called Antonio Cona or Tony Cona, by whom the book was presented to the savings bank in November, 1903, and a demand made for the money. The officers of the savings bank could not recognize this individual as the depositor, and, having some doubt as to his identity, concluded on consultation to deliver to him a check payable to the order of Antonio Cona for the amount of the deposit, with interest, in return for the delivery of the passbook. This was accordingly done, and the person to whom the check was so given applied shortly afterward to the defendant, a private banker, and asked him to cash it. The defendant required an identification of the individual, as he was personally unknown to him, and, on being assured by a neighbor that he was Antonio Cona, did cash it on the indorsement by this individual of the name of Antonio Cona, and then deposited it with the plaintiff, as already stated.

The depositor, Antonio Cona, was a witness on the trial. It was proved beyond dispute that he was not the person to whom the check was given by the savings bank, and that he was not the person who indorsed the check to the defendant and received the money on it from him. The defendant, who testified in his own behalf, made no claim as a witness that the depositor whom he saw as a witness for the plain-

tiff was the one from whom he received the check. I do not see how the jury, under the circumstances, could have reached any other conclusion than that the check was procured by a fraud perpetrated by the individual who presented the passbook to the savings bank, and that the indorsement by which the defendant was induced to cash the check was a forgery. The right of the plaintiff to recover under the circumstances is undoubted. The defendant's indorsement was a warranty that the prior indorsement was genuine, and upon discovery of the forgery he became immediately liable to make good the amount he had received. Story on Prom. Notes, § 135; Turnbull v. Bowyer, 40 N. Y. 456, 100 Am. Dec. 523; Bank of Brit. No. Am. v. Mer. Natl. Bank of N. Y., 91 N. Y. 106; Lennon v. Grauer, 159 N. Y. 433, 54 N. E. 11; Packard v. Windholz, 88 App. Div. 365, 84 N. Y. Supp. 666, affirmed 180 N. Y. 549, 73 N. E. 1129.

The plaintiff was not obliged to allow the suit brought against it by the Nassau National Bank to proceed to judgment before making the payment which it did. In making such payment, it did only what it could have been compelled to do, assuming that the disputed signature was a forgery. The signature proving to be a forgery, such payment is not to be regarded as voluntary in any sense which would operate to relieve the defendant from his liability to restore the money which he received from the plaintiff upon his implied guaranty of the genuiness of the forged indorsement.

The judgment and order must be affirmed.

Judgment and order affirmed, with costs. All concur; GAYNOR, J., in result