STEIN v. EMPIRE TRUST CO.

(Supreme Court, Appellate Term. June 29, 1911.)

BANKS AND BANKING (§ 125*)—DEPOSIT OF CHECK WITH FORGED INDORSE-
MENT—LIABILITY.

Recovery by one on a credit entered in his passbook by a bank on de-
posit of a check is not defeated by evidence that the payee's indorse-
ment was forged, without evidence that the bank was thereby preju-
diced or damaged.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 306;
Dec. Dig. § 125.*]

Appeal from Municipal Court, Borough of Manhattan, Second
District.

Action by William Stein against the Empire Trust Company. From
a judgment for defendant, after a trial without a jury, plaintiff ap-
peals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Adolph Waxenbaum, for appellant.

Thomas F. Gilroy, for respondent.

BIJUR, J. This action was brought to recover from the defendant
the amount of a credit of $75 entered in plaintiff's passbook upon de-
posit of a check. Plaintiff alleged and proved that he had demanded
the payment of the amount from the defendant and it had been re-
fused. The answer alleges that the indorsement of the payee on the
deposited check was forged, and that the defendant, by subsequent
indorsement, warranted the genuineness of the payee's indorsement.
It does not allege, either that the defendant was unable to collect
the amount of the check, or that, though collected, it was compelled
to repay the same to the maker, or to an intermediate bank.

On the pleadings and proofs, therefore, plaintiff had received a
credit of $75 against his deposit with defendant, for collection, of
a third party's check for the same amount; and defendant made no
attempt to prove, either that it had failed to collect the check, or that,
when collected, it had been compelled to repay the amount. The case
of Oriental Bank v. Gallo, 112 App. Div. 360, 98 N. Y. Supp. 561,
cited by respondent, therefore, has no application, as in that case the
very facts, of which defendant in the case at bar offered no proof,
appeared and are set forth in the opinion.

I am cited to no case, and I know of none, in which a depositor,
having made out a prima facie case of indebtedness to himself by
putting in evidence a credit entered on his pass book with a bank, can
have his recovery thereon defeated by proof only of the fact that
there was a forged indorsement on the deposit which formed the
basis of the action, and without any evidence by the bank that it has
in any manner been prejudiced or damaged thereby.

No adequate defense having been pleaded or proved, the judgment
must be reversed, and a new trial granted, with costs to appellant
to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes