## NATIONAL BANK OF COMMERCE v. FIRST NAT. BANK OF COWETA.

No. 5325.   Opinion Filed October 19, 1915.   .

(152 Pac. 596.)

**BANKS AND BANKING—Payment of Check—Forged Indorsement—Recovery of Money Paid.** Where a drawee bank pays a check upon which the payee's indorsement is forged, to a holder and subsequent indorser thereof, said bank may, under the Negotiable Instruments Law, unless precluded from setting up the forgery, recover the amount paid from the one to whom payment is made; but where said bank is directed by the drawer thereof not to pay such check, and thereafter, negligently failing to observe such direction and contrary thereto, pays the same, it is precluded from setting up the forgery, and cannot recover the money so paid as against an innocent holder for value.

(Syllabus by Bleakmore, C.)

*Error from County Court, Wagoner County;*
*W. T. Hunt, Judge.*

Action by the National Bank of Commerce, a corporation, successor to the Bank of Commerce, against the First National Bank of Coweta. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. A. Brigham,* for plaintiff in error.

Opinion by BLEAKMORE, C. This case presents error from the county court of Wagoner county. The

action was originally commenced before a justice of the peace in that county by the Bank of Commerce of Coweta, and upon appeal to the county court the plaintiff in error, successor to said bank, was substituted as plaintiff, and filed therein an amended pleading, alleging, in substance, that on the 28th day of February, 1911, defendant bank presented to the Bank of Commerce of Coweta a check drawn upon it by a depositor for the sum of $100, payable to the order of Horace Posey; that said check was paid by the drawee bank to defendant; that the payee's indorsement of said check was a forgery; that on the same day, after discovery of such forgery, the Bank of Commerce notified the defendant thereof, and demanded repayment of the money received by it upon said check, which was refused. The check was by stamp indorsed and marked paid by plaintiff. It is also alleged:

"That the pretended indorsement of said check by Frank Posey was a forgery by him, he having no right or authority whatever to indorse said check for said Horace Posey, and that on February 26, 1911, E. E. Weer, drawer of said check, notified said Bank of Commerce not to pay said check; that the payment of said check by said Bank of Commerce was made through its assistant cashier, who at the moment failed to observe the notice not to pay it, and who did not at the moment discover that the indorsement of Horace Posey made by the said Frank Posey was a forgery."

A general demurrer was sustained to said petition, and plaintiff appeals. The sole question presented for review is whether the petition is good as against such demurrer. In case of the payment of a check by a drawee bank to an innocent holder for value, where the signature of the purported drawer is forged, the rule is that the drawee bank cannot, by reason of the statute (Rev.

Laws 1910, sec. 4112; Comp. Laws 1909, sec. 4496), recover the amount so paid from such holder. *Cherokee Nat. Bank v. Union Trust Co.,* 33 Okla. 342, 125 Pac. 464. But, where a drawee bank pays a check of its depositor, upon which the indorsement of the payee is forged, to the holder and subsequent indorser thereof, such bank does not, under the Negotiable Instrument Law, thereby admit that the signature of the payee is genuine. On the contrary, it is provided by the statute:

Section 4073, Rev. Laws 1910 (section 4458, Comp. Laws 1909):

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument or to give it a discharge thereof, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such rights, is precluded from setting up the forgery or want of authority."

Section 4115, Rev. Laws 1910 (section 4499, Comp. Laws 1909):

"Every person negotiating an instrument by delivery or by a qualified indorsement, warrants:

"First. That the instrument is genuine and in all respects what it purports to be;

"Second. That he has a good title to it;

"Third. That all prior parties had capacity to contract. * * *"

Section 4116, Rev. Laws 1910 (section 4500, Comp. Laws 1909):

"Every indorser who indorses without qualification, warrants to all subsequent holders in due course:

"First. The matter and things mentioned in subdivisions one, two and three of the next preceding section; and

."Second. That the instrument is at the time of his indorsement valid and subsisting; and, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

By virtue of the statute, *supra,* where a drawee bank pays such a check, unless it is precluded from setting up the forgery, it may recover the amount paid from the one to whom payment was made. It is also the general rule, in the absence of legislative enactment, that such recovery may be had. *First Nat. Bank v. Northwestern Nat. Bank,* 152 Ill. 296, 38 N. E. 739, 26 L. R. A. 289, 43 Am. St. Rep. 247; *Wellington Nat. Bank v. Robbins,* 71 Kan. 748, 81 Pac. 487, 114 Am. St. Rep. 523; *Levy v. First Nat. Bank,* 27 Neb. 557, 43 N. W. 354; *First Nat. Bank v. Farmers' & Merchants' Bank,* 56 Neb. 149, 76 N. W. 430; *First Nat. Bank v. Omaha Nat. Bank,* 59 Neb. 192, 80 N. W. 810; *Harter v. Mechanics' Nat. Bank,* 63 N. J. Law, 578, 44 Atl. 715, 76 Am. St. Rep. 224; *Oriental Bank v. Gallo,* 112 App. Div. 360, 98 N. Y. Supp. 561, affirmed 188 N. Y. 610, 81 N. E. 1170; *Corn Exchange Bank v. Nassau Bank,* 91 N. Y. 74, 43 Am. Rep. 655; *Central Nat. Bank v. North River Bank,* 44 Hun (N. Y.) 114; *Muller v. National Bank of Cortland,* 96 App. Div. 71, 89 N. Y. Supp. 62; *Peoples Bank v. Franklin Bank,* 88 Tenn. 299, 12 S. W. 716, 6 L. R. A. 724, 17 Am. St. Rep. 884; *Second Nat. Bank v. Guarantee Trust & Deposit Co.,* 206 Pa. 616, 56 Atl. 72.

In the instant case there is no allegation that defendant was not an innocent holder for value of the check in question, while it is alleged that two days prior to the date on which the drawee bank paid the same it was directed by the drawer not to do so, but negligently failed to observe such direction, and contrary thereto and without authority did pay the same.

Under such circumstances, we are of opinion that plaintiff is precluded from setting up the forged indorsement as against an innocent holder, and therefore hold that the petition does not state facts sufficient to constitute a cause of action.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.