**FIRST NAT. BANK OF WICHITA FALLS, TEX., v. GUARANTEED STATE BANK OF MARLOW, OKLA.**

No. 13846—Opinion Filed Feb. 3, 1925.

**Banks and Banking—Payment of Check with Forged Indorsement—Right of Negligent Bank to Recover.**

Where a drawee pays a check, upon which the indorsement of the payee is forged, to a subsequent indorser and holder, the drawee may recover the amount of said check from the person to whom such payment is made, unless said drawee is precluded from setting up the forgery; but where the drawee has notice by a duplicate check, so marked, not to pay the original check, which is received and cashed by the drawee before receiving and cashing the original check, and the drawee negligently fails to observe such notice, said drawee is precluded from setting up the forgery and cannot recover the amount paid on the check, bearing the forged indorsement of the payee, from innocent indorser.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the First National Bank of Wichita Falls, Tex., against the Guaranteed State Bank of Marlow, Oklahoma. Judgment for defendant, and plaintiff brings error. Affirmed.

J. H. Long, for plaintiff in error.

Bond & Morris, for defendant in error.

Opinion by JARMAN, C. On February 21, 1921, the Delta Oil & Refining Company issued and delivered its check in the sum of $477.35 to J. W. King, drawn on the First National Bank of Wichita Falls, Tex. This check having been lost the Delta Oil & Refining Company issued another one to J. W. King on the same bank bearing the same date as, and being identical in every respect with, the original check, and there was indorsed across the face of the second check the word "duplicate" in red ink. On March 7, 1921, the duplicate check was received by the First National Bank of Wichita Falls in due course and cashed by it. The original check had been delivered to the Guaranteed State Bank of Marlow, Okla., in due course, by J. C. Tracey for collection, bearing the indorsement of J. W. King and J. C. Tracey, and said check was forwarded to and received by the First National Bank of Wichita Falls, and was cashed by it on March 15, 1921, and the proceeds remitted to the Guaranteed State Bank of Marlow, and deposited to the credit of Tracey before any payment on said check was made to Tracey. The original check bore the indorsement of the Guaranteed State Bank of Marlow, guaranteeing all prior indorsements.

It developed that the indorsement of the name of J. W. King, payee, on the original check, was a forgery and the First National Bank of Wichita Falls seeks, by this suit, to hold the First National Bank of Marlow for the amount thereof, on the strength of its indorsement guaranteeing all prior indorsements, which included the indorsement of the payee, J. W. King.

Under section 7736, Comp. Stat. 1921, the Guaranteed State Bank of Marlow, by its unqualified indorsement on the original check, warranted that the check was genuine in all respects; that all prior parties, including indorsers, had capacity to contract, and that it (Guaranteed State Bank of Marlow) had good title to said check, and, under the Negotiable Instruments Law, section 7693, Comp. Stat. 1921, the drawee bank (First National Bank of Wichita Falls) had the right to recover from the Guaranteed State Bank of Marlow, the amount of the check upon which the payee's indorsement was forged, unless it was precluded from setting up the forgery. National Bank of Commerce v. First National Bank of Coweta, 51 Okla. 787, 152 Pac. 596.

A different rule prevails where the signature of the drawer is forged, and the drawee bank cannot recover the amount of a check, which it pays to an innocent holder, where the signature of the drawer is forged, for the drawee is bound to know the signature of the drawer. In the case of a payee or an indorser on a check, the drawee bank is not supposed to know and is not required to know their signatures, and the drawee has a right to rely upon prior indorsements on the check for its protection in the payment thereof, and, in the case of a forgery, it has a right to recover from prior indorsers, unless said drawee has notice that the indorsement of the signature of the payee on the check is forged.

The question involved in the instant case is whether the drawee bank had notice that the signature of J. W. King, the payee, was forged, and if so said drawee bank would be precluded from setting up the forgery. The only difference between this case and the case of First National Bank of Commerce v. First National Bank of Coweta, supra, is the manner of notice that was given to the drawee bank that the indorsement of the signature on the check was forged. In that case, the check was drawn by E. E. Weer on the First National Bank of Commerce in favor of Horace Posey, and the check was delivered to

the First National Bank of Coweta with the name of Horace Posey, payee, indorsed thereon, but, before the check was presented to the drawee bank, Weer, the drawer, notified in person said drawee that the indorsement of the payee's name on the check had been forged and not to pay the same; and, under this state of facts, the court held that the drawee had notice of the forgery before paying the check, and that it was, therefore, precluded from setting up the forgery, and could not recover from the First National Bank of Coweta, a prior indorser. In the instant case, before the check bearing the forged indorsement of the payee was presented for payment, the drawee bank had cashed a check for the same amount, bearing the same date, and, in every particular, identical with the check bearing the forged signature of the payee, and having indorsed upon its face in red ink the word "duplicate". Under the testimony offered, it is shown that in banking circles the marking of a check as a duplicate has the effect of serving notice upon the drawee bank that an original of said instrument had been executed, and not to honor both instruments. In this case, the duplicate check was paid on March 7th, only one week before the original check was presented and paid, and it was the duty of the drawee bank to have taken notice of the duplicate check, and not pay the original when it was presented thereafter on March 15th. If the original check had been received first by the drawee bank, could it be said, upon the presentation of the duplicate check thereafter, that said drawee bank would not have to take notice of the fact that it had already paid the original? If it paid the duplicate under such circumstances, would it not do so at its peril? The issuance of duplicate checks is a practice in the commercial world, but of what advantage is it, and what protection has a depositor, if the drawee bank may ignore the notice given it, when the depositor marks his check "duplicate", and thereby indicates to the drawee bank that another check for the same amount has been issued by the depositor and not to honor both instruments, if it is not bound by the notice imparted by the duplicate check?

Under the facts in the instant case, the drawee bank had notice, by reason of the duplicate check it cashed, that the original check in question had been issued, and, in honoring said original check thereafter, it did so at its peril.

Counsel for plaintiff in error contend that the trial court erred in admitting, over ob-

jection, any evidence under the answer of defendant, for the reason that no defense was alleged. Said answer alleged the forgery of the indorsement of the payee on the original check, and the issuance of the duplicate check, and that the duplicate check was paid by the drawee bank before the original check, and alleged that if the drawee bank had used reasonable care and diligence, it would not have paid the original check. For the reasons already stated, said answer did allege a defense, and the court properly permitted evidence to be given in support thereof. It is further contended that certain evidence was improperly admitted, and that the evidence is insufficient to support the verdict. We have examined the record and find no merit in these contentions.

The judgment of the trial court is affirmed.

By the Court It is so ordered.

Note.—See under (1) 7 C. J. p. 692.