### FIRST NAT. BANK OF ARDMORE v. CASTEEL.

No. 18865. Opinion Filed Jan. 29, 1929.

Rehearing Denied July 16, 1929.

nion and payable to the order of J. H. Casteel and purporting to be indorsed by Casteel, which latter note was secured by a chattel mortgage.

The defendant filed his amended answer to the petition of the plaintiff, in which he admits he executed the promissory note sued on by plaintiff for the sum of $500 for value, and that he delivered the same to the Bank of Commerce of Sulphur, Okla. Further pleading and by way of counterclaim, the defendant in the 6th paragraph of his answer pleads as follows:

"Defendant specifically denies that plaintiff ever held or holds the said $1,000 note signed by Mattie L. Brown and W. E. Runnion, which is described in the petition, but alleges the facts to be that the defendant is and was at all times the owner and holder of the said note. That same was placed in the Bank of Commerce, Sulphur, Okla., for safekeeping, and that same was never indorsed or otherwise transferred to the Bank of Commerce, and that if the name of this defendant appears on the back of the said note, it was not placed there by defendant or any one for him, or with his knowledge or consent, and that defendant has never ratified any such transfer. That plaintiff is wrongfully in possession of the said note; plaintiff has been notified to return the said note to defendant on account of its said wrongful transfer, but that plaintiff has failed and refused to return the said note to defendant; that the said note is past due and this defendant alleges that he has suffered great damage by the said wrongful transfer to plaintiff and the refusal of plaintiff after due notice to return the said note.

"Wherefore, defendant prays that plaintiff take nothing by his said suit; that the note sued on herein be returned to the Bank of Commerce, or its lawful successor; that defendant be decreed to be the owner of and entitled to the immediate possession of the note for $1,000 claimed by plaintiff, and that plaintiff be ordered and directed to return said note to defendant, and that defendant do have and recover of and from the plaintiff as damages for the said wrongful detention of the said note, the sum of $1,000, together with all costs of this action."

To this answer the plaintiff filed a motion for judgment on the pleadings, and thereupon the trial court permitted the defendant to verify his answer instanter and overruled said motion and the plaintiff excepted. After the evidence was offered the plaintiff requested the court to instruct the jury to return a verdict in favor of the plaintiff and against the defendant on the note for $500 and also in favor of the plaintiff

Young & Powell and John A. Haste, for plaintiff in error.

H. W. Broadbent and J. H. Casteel, for defendant in error.

SWINDALL, J. This action comes to this court on appeal by petition in error with case-made attached from the district court of Murray county, Okla., wherein the First National Bank of Ardmore was plaintiff and J. H. Casteel was defendant. The parties, holding the same positions in this court as in the trial court, will be referred to as plaintiff and defendant. This action was commenced by the plaintiff to recover the sum of $500, which plaintiff claimed to be due it from the defendant by virtue of a promissory note executed by the defendant to the Bank of Commerce of Sulphur, Okla., and by said bank indorsed and delivered to the plaintiff for value and before maturity and in the usual and ordinary course of business. There was also transferred by the Bank of Commerce to the plaintiff, as collateral security to secure the payment of said note, one note for the sum of $1,000, signed by Mattie L. Brown and W. E. Runnion

and against the defendant on said defendant's cross-petition in the nature of a counterclaim in damages for the sum of $1,000, which motion was by the court overruled and exception allowed.

Upon the conclusion of the testimony the court instructed the jury that, under the pleadings and proof in the case, the plaintiff bank was entitled to a verdict against the defendant on the note sued on in the sum of $500 with interest as provided for therein. No exception was taken to this instruction by either party.

The court refused to direct a verdict upon the cross-petition of the defendant and submitted to the jury the question of damages claimed by the defendant as a set-off against the note of $500, all of which was objected to by the plaintiff and exceptions saved.

We are of the opinion that that portion of the answer that attempts to plead a counterclaim is wholly insufficient to constitute a cause of action in favor of the cross-petitioner and against the plaintiff.

In the case of Weatherly, County Treas., v. Sawyer, 63 Okla. 155, 163 Pac. 717, this court said:

"Under the statutes of this state (section 4766, Rev. Laws 1910), the actual allegations and averments of all pleadings must be so construed that substantial justice may be done between the parties, but this does not require that essential averments lacking in a pleading shall be construed into it or that a necessary averment be supplied by inferences drawn from other facts alleged unless such averment must logically and necessarily be inferred therefrom."

In the case of Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703, this court, in passing upon a counterclaim or cross-petition, said:

"A counterclaim or cross-petition must be pleaded as fully and distinctly, and with the same substantial requisites, as an original cause of action; it must be sufficient within itself without recourse to other parts of the pleading, or other pleadings, unless by express reference. It should be separately stated, and must show with certainty the character of the claim, how it accrued, and the facts making it a proper subject of counterclaim or cross-petition."

In Schmidt, Adm'x, v. Turnbuckle Oil Co., 88 Okla. 223, 212 Pac. 418, this court held:

"Where the defendant, in his answer, seeks to plead a cause of action against the plaintiff by way of set-off, said cause of action must be pleaded with the same particularity, completeness, and exactness as would be required had said cause of action been set forth in a petition, and it must show the character of the claim, how it accrued, and the facts making it a proper subject of set-off."

In Horstman v. Bowermaster, 90 Okla. 262, 217 Pac. 167, this court, speaking upon this subject, uses this language:

"A cross-petition must be pleaded as fully and distinctly and with the same substantial requisites as an original cause of action; but where the sufficiency of the cross-petition is not challenged by motion or demurrer and judgment entered thereon, the judgment so rendered will be sustained against a collateral attack, if the allegations of the cross-petition are sufficient to challenge the attention of the court to the affirmative relief sought."

It is so evident that the answer does not properly plead a set-off that we feel it unnecessary to further discuss this phase of the case.

The next proposition discussed in the brief is, Can the defendant by proper pleading set up a counterclaim or set-off against the note in the hands of the plaintiff in this action? This, we must answer in the negative. We hold that the defendant is not entitled to claim a set-off against the $500 note in the hands of the plaintiff, for the reason that, under the pleadings and undisputed evidence and instructions of the court in this case, the plaintiff is an innocent purchaser, for value, without notice and before the maturity and in the usual and ordinary course of business, of the $500 note. In the case of State Bank of Dakoma v. Weaber, 125 Okla. 186, 256 Pac. 50, this court said:

"The validity of a counterclaim or set-off is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued defendant."

It is clear, under the law and the facts in this case, that the substance of the facts stated would not constitute a cause of action on behalf of the defendant and against the plaintiff on the $500 note. Plaintiff being an innocent purchaser, for value, without notice and before the maturity of said note and in the usual and ordinary course of business, the defendant would have no cause of action against the plaintiff. Mangold & Glandt Bank v. Utterback, 54 Okla. 655, 160 Pac. 714.

The only complaint that the defendant makes is that he executed this note to the Bank of Commerce of Sulphur, Okla., to accommodate a personal friend. This court

discusses a similar situation in the case of Security Nat. Bank v. Bohnefeld, 131 Okla. 66, 267 Pac. 631; at page 71 of the opinion, this court said:

"Having given the note with the avowed object of having it appear as an asset for purposes of examination, she is estopped from asserting a secret understanding that she was not to be held liable. The law will not countenance contracts that are against the public good, and, therefore, forbidden by public policy."

See, also, Cedar State Bank v. Olsen, 116 Kan. 320, 226 Pac. 995.

The next issue raised by the brief is relative to the $1,000 note, which the defendant alleges was never indorsed by him and which was deposited in the Bank of Commerce of Sulphur, Okla., for safe-keeping, and that the defendant never indorsed the note or authorized any one else to do so. Evidence was offered upon this issue upon the trial of this case in the lower court, and we have examined the record, and find that there is sufficient evidence to take the case to a jury upon the issue as to whether or not the defendant indorsed the note. If he did not indorse the same, then the plaintiff in this action would not be entitled to the $1,000 note and mortgage as collateral security to the $500 note, and the same should be returned to the defendant. National Bank of Commerce v. First National Bank of Coweta, 51 Okla. 787, 152 Pac. 596.

For the reasons herein stated, this cause is hereby reversed and remanded to the district court of Murray county, Okla., with directions to vacate, set aside and for naught hold the judgment heretofore entered in said cause and to vacate and set aside the verdict of the jury and to enter judgment in favor of the plaintiff, First National Bank of Ardmore, Okla., against the defendant, J. H. Casteel, for the sum of $500, with interest thereon at the rate of ten per cent. per annum from January 11, 1922, to the date of said judgment and the costs of this action, and that the issue between plaintiff and defendant relative to the genuineness of the indorsement of the collateral note of $1,000 be determined by the trial court or a jury, as the parties may elect, and if there is sufficient evidence offered upon a retrial to show that the indorsement is a forgery, and that said indorsement has never been ratified by him, then said note should be returned to him; but if the trial judge or a jury should, upon competent evidence, decide that issue in favor of plaintiff, then the plaintiff will be entitled to judgment for the possession of said collateral security as prayed and for the purposes as prayed.

MASON, C. J., and LESTER, HUNT, CLARK, RILEY, and ANDREWS, JJ., concur. HEFNER, J., not participating. CULLISON, J., absent.

Note.—See under (1) 21 R. C. L. p. 466; 7 R. C. L. Supp. p. 712. (3) 24 R. C. L. p. 874. See "Bills and Notes," 8 C. J. §533, p. 355, n. 56.