## BLACKBURN et al. v. CITY OF HEALDTON.

No. 21224. Opinion Filed Oct. 4, 1932.

T. J. Vick and Moore & George, for plaintiffs in error.

Dolman, Dyer & Dolman, for defendant in error.

CULLISON, J. The city of Healdton, a corporation, as plaintiff, instituted suit against Dan Blackburn and the Federal Surety Company, as defendants, seeking to recover from said defendants the amount of money necessary to repair certain paving in Healdton, Okla., the basis of said suit being maintenance bond filed by defendants with said city.

Defendant Federal Surety Company answered by general denial. Defendant Blackburn filed his answer, in which he pleaded that any defect that existed in the paving under consideration was not caused by the negligence of defendant, but was due to the carelessness and negligence of plaintiff, in that plaintiff's water main bursted and plaintiff did not repair the same, but permitted water to stand on the paving for a long period of time; that such action would kill asphalt paving and cause it to deteriorate and make holes therein. That the condition of said street is due to the fault and negligence of plaintiff and to no fault or negligence of defendant.

Defendant Blackburn also answered by counterclaim, in which he alleged approximately the same .facts as in his answer, to wit, that the injury to said paving was due to the negligence of plaintiff in permitting its water mains to burst and flow water on said pavement for a long period of time, thereby causing the deterioration of said pavement. That plaintiff was notified repeatedly of said condition, but refused to drain off the water or repair the leak in said main until the asphalt had been killed, and that by reason of said negligence of plaintiff, defendant had been damaged in the sum of $2,404.25, which said amount was the amount estimated necessary to repair said pavement.

The cause was tried before a jury and plaintiff introduced its evidence and rested. Defendants endeavored to introduce evidence in support of their answer and counterclaim and plaintiff objected to said evidence, which objection was sustained by the court, thereby preventing defendants from offering any evidence in support of their answer and counterclaim.

Defendants appeal from said judgment and present the following proposition to this court:

"Does defendant's answer and cross-petition, when construed in its most favorable light, state any defense to plaintiff's petition, or any grounds for affirmative relief against the plaintiff?"

The rights of the parties to relief under plaintiff's petition and defendants' answer would be determined by the terms and conditions of the instruments under which defendants assumed the liability of maintaining said pavement.

Under section 1, ch. 149, S. L. 1925 [O. S. 1931, sec. 6249] the replacement bond should be conditioned "that the contractor will immediately reimburse the city for and to the amount of any sum or sums as may be expended in the maintenance, upkeep or repair of, said improvements for a term of five years after the completion and acceptance of said work."

According to the terms of the mainte-nance bond given by defendants to plaintiff, defendants agreed to the "maintaining of said improvements for a period of five years from the date of the acceptance of said work by the said city of Healdton."

Under the terms of the contract, defendants have agreed to maintain the pavement for five years. There are no exceptions in said agreement whereby defendants are relieved of maintaining said pavement for any cause during the five-year period.

We must next consider the question of whether or not defendant Blackburn was entitled to introduce evidence in support of his counterclaim. We observe that the suit was instituted by the city of Healdton, a corporation, and that said city did not bring the suit in any special capacity. Defendant Blackburn alleges in his counterclaim that the condition of the street is due to the fault and negligence of plaintiff; that the material used in construction of the street was first class material and such material as was provided for in the contract between plaintiff and defendant. He further alleges that plaintiff had been negligent in that said municipal corporation had permitted its water main to burst and flood said pavement for a long period of time and that the action of the water upon the asphalt killed the asphalt and thereby produced the damage to said street; that defendants notified plaintiff of said condition, but plaintiff failed and refused to prevent said injury to the pavement, and that because of the carelessness and negligence of the plaintiff, defendants had been damaged in the amount of $2,402.25.

We are then confronted with the question, "Would the city be liable to defendant Blackburn for the damage done to the pavement because of defects in the city's water supply system during the time that defendant Blackburn was required to maintain said pavement?"

Where a city is operating a water supply system in its corporate capacity and negligently permits water to escape from said water system and damage property, said municipality is liable therefor. Miller Grocery Co. v. City of Des Moines (Iowa) 192 N. W. 306; 28 A. L. R. 815.

We must next consider whether the matters pleaded in defendant Blackburn's counterclaim were such matters as could be pleaded in a counterclaim in a suit wherein the city of Healdton was plaintiff.

Under section 274, C. O. S. 1921 [O. S. 1931, sec. 207] a counterclaim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and be connected with the subject of the action.

The right to relief concerning the subject of the action must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the questions involved therein.

In the case at bar, plaintiff, a municipal corporation, instituted the suit against de-

fendants, seeking to recover the amount necessary to repair the paving.

The facts and matters pleaded by defendant Blackburn in his counterclaim concern the same blocks of paving for which plaintiff seeks to recover from defendants. Plaintiff's cause of action is based upon a bond relative to the maintenance of said paving by defendants, while defendant Blackburn's counterclaim is based upon the wrongful acts of the municipal corporation in damaging the same identical paving for which they seek to recover from defendant.

In the case of Fort Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205, this court held:

"A defendant may plead and prove, as a counterclaim, any cause of action he may have against the plaintiff, whatever its nature, arising out of the cause of action alleged in the petition or connected therewith."

Under our statute and decisions relative to counterclaim, we see no reason why defendant Blackburn could not litigate his counterclaim in plaintiff's suit. We consider that it comes fairly within the meaning of our statutes relative to counterclaim.

The judgment of the district court sustaining objection to defendant Blackburn's evidence is therefore reversed, and said cause is remanded to the district court, with directions to grant defendant a new trial, permitting him to introduce his evidence in support of his counterclaim.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., dissents. CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) 24 R. C. L. 844; R. C. L. Pocket Part, title "Set-off and Counterclaim," § 49.