## WATSON v. AMERICAN CREOSOTE WORKS, Inc.

No. 28430. Nov. 15, 1938.

Sigler & Jackson, for plaintiff in error.

Potterf, Gray & Poindexter, for defendant in error.

DAVISON, J. The American Creosote Works, Inc., brought an action against F. E. Watson to recover a balance on a promissory note dated January 1, 1929, and due March 1, 1929, in the sum of $1,844.22, together with interest and attorney fee.

The defendant answered by general denial, and further alleged that the note was void because at the time it was executed the plaintiff was a corporation organized and existing under the laws of Louisiana and was doing business at the time in the States of Texas and Oklahoma without having obtained a permit to do business in either state. The defendant interposed a further plea of set-off against his liability on the note sued upon. For such set-off and counterclaim defendant alleged that in 1928 he was engaged in the business of building bridges in Texas, and that the plaintiff had executed a written contract with Wise county, Tex., and that by the terms of which the plaintiff agreed to de-

liver by July 5, 1929, to Wise county, Tex., certain bridge material, and that the defendant had a contract to build the bridge with same. It is further alleged that in order to build the bridge, it was necessary for the defendant to move certain very heavy and expensive machinery to the bridge location. It is further alleged that the defendant discussed with the plaintiff the question of the delivery of the material and that the plaintiff represented to the defendant that the material would be delivered at the time specified in the contract with Wise county, Tex.; that defendant relied upon said assurance and moved his machinery to the bridge location, and that plaintiff failed to deliver said material until October 5, 1929; that defendant lost the use of the machinery for 102 days; that the machinery had a rental value of $65 per day, resulting in a total damage to defendant in the sum of $6,630 which was a direct and proximate result of the plaintiff's failing to carry out its promise and contract which it had with the defendant and in not delivering the material as promised.

In the defendant's amended answer, it is alleged that the clause in the contract between the plaintiff and Wise county, Tex., naming the date for delivery of the material to be before July 5, 1929, was inserted for the benefit of the defendant.

An order of the court requiring the defendant to make his answer more definite and certain also required that defendant attach a copy of the contract between the plaintiff and Wise county, Tex., to his amended answer. The defendant replied that the plaintiff had in its possession a copy of said contract and that defendant did not have a copy and gave notice in his amended answer to the plaintiff to produce same, and that upon failure to do so the defendant would offer oral testimony to prove the contents of said contract. There was no allegation that a copy of the contract could not be obtained.

Upon the motion of the plaintiff, the court struck out of the answer all of the allegations referring to both the alleged written contract with the plaintiff and Wise county, Tex., and the alleged oral contract between the plaintiff and defendant relative to the time of delivering said material. The cause was tried to the court and judgment rendered for plaintiff. Defendant has appealed.

The defendant admits in his brief that the question of whether or not the defendant could rightfully plead the set-off or counterclaim is the only question here presented for our consideration. The damages claimed by the defendant is based upon the breach of two separate alleged contracts by the plaintiff.

The defendant contends that he made an oral contract with the plaintiff under which the plaintiff agreed with the defendant that plaintiff would deliver on or before June 5, 1929, the bridge building material included in the contract between the plaintiff and Wise county, Tex. In other words, the defendant contends that the plaintiff promised to carry out the terms of a contract made between the plaintiff and Wise county, Tex. This is an alleged breach of an oral contract between the defendant and the plaintiff. That is to say, the plaintiff promised to carry out the terms of a contract with other parties, while the defendant did not promise to do anything. Whatever obligation to the defendant that might have existed on the part of plaintiff to carry out the oral agreement, relative to the delivery of the bridge material, there still was neither mutuality of obligation nor consideration to support such a contract. The obligation to deliver the bridge material at a specified time was an obligation that existed under the contract between the plaintiff and the purchaser, Wise county, Tex.

In Crosbie v. Brewer, 68 Okla. 16, 158 P. 388, it was held:

"In all contracts both parties are bound, or neither are. There must always be a mutuality in the contract, and it must be binding upon both parties, and it does not become binding until a proposition is made upon one side and accepted upon the other."

In Consolidated Pipe Line Co. v. British American Oil Co., 163 Okla. 171, 21 P.2d 762, this court said:

"The defendant next seeks to avoid liability on the theory that the contract between the parties to this litigation was unenforceable for want of mutuality of obligation. * * * Want of mutuality of obligation in a contract renders an executory contract unenforceable where such lack of mutuality constitutes a failure of consideration. * * * Want of mutuality is an important element to be considered in those contracts where the only consideration for the promise of one party is the promise of the other. In such contracts, if the promise of one party is drafted in such terms that it fails to bind him, the promise of the other party is unenforceable." See, also, 13 C. J. sec. 179, p. 331.

In 13 C. J., sec. 216 (d), p. 356, it is stated:

"According to the weight of authority in this country, a promise to perform an existing contract with a third person or the performance of it does not constitute a valuable consideration."

In Schuler v. Myton, 48 Kan. 282, 29 P. 163, that court held:

"An agreement to do, or the doing of, that which a person is already bound to do, does not constitute a sufficient consideration for a new promise." See, also, Harris v. Harris, 9 Colo. App. 211, 47 P. 841.

Contracts, either oral or written, are not enforceable without a consideration. Louthan v. Johnson, 111 Okla. 170, 239 P. 173; Gunn v. Fryberger, 71 Okla. 170, 176 P. 248.

The defendant's contention that the clause in the contract between the plaintiff and Wise county, Tex., fixing the date the material was to be delivered was inserted for defendant's benefit stands unproven.

The defendant alleged in his petition that he had a contract to erect the bridge for which the material was sold. No such contract was attached to the petition, but the provisions of the same were stated in the amended answer. The contract between the plaintiff and Wise county, Tex., constituted no part of the plaintiff's cause of action and he was not required to furnish a copy of same in its pleadings. It was the defendant who was basing his claim upon that contract.

Since the record contained no copy of either the contract between the plaintiff selling the bridge material or the contract with the defendant to build the bridge showing respective dates of the contracts, this court has nothing before it from which it can determine the respective dates of the two contracts whereby the court might consider and determine the merit of defendant's contention that the clause in the purchase contract relative to the date the material was to be delivered was placed there for the benefit of the defendant.

From the supplemental brief of the defendant, at page 7, we find the statement:

"When Wise county, Tex., made the contract and fixed the time for the delivery of the property, it must have been in contemplation of said parties that some person would build the bridge, and it is reasonable to suppose that both parties knew that heavy machinery would be necessary to build the bridge and that it was necessary to move this machinery to the place of work. Therefore, it would be necessary for the man who built the bridge to know when the material would be on the ground so he could start the bridge."

From the above statement and admission, we are justified in concluding that the contract between the plaintiff and Wise county, Tex., purchasing material for a bridge was entered into before the defendant had contracted to build the bridge or, in so far as the record shows, was even considered as a possible contractor to build same. It certainly cannot be said that the contract was made expressly for the benefit of the defendant and enforceable as provided in section 9409, O. S. 1931. Neither is the defendant trying to enforce that contract, but, as shown by his petition, relies upon the oral promise of the plaintiff to deliver the material at the time shown in the contract between the plaintiff and Wise county, Tex.

This court has frequently held that the validity of a set-off or counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. First Nat'l Bank of Ardmore v. Casteel, 137 Okla. 294, 279 P. 338; Eyer v. Richards & Conover Hdw. Co., 176 Okla. 191, 55 P.2d 60; State Bank of Dakoma v. Weaber, 125 Okla. 186, 256 P. 50.

This court has frequently held that a defendant may plead and prove, as a counterclaim, any cause of action he may have against the plaintiff, whatever its nature, arising out of the cause of action alleged in the petition or connected therewith. Ft. Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205; Guy Harris Buick Co. v. Bryant. 108 Okla. 117, 233 P. 752; Blackburn v. City of Healdton, 159 Okla. 193, 14 P.2d 943; Gooldy v. J. B. Klein Iron & Foundry Co., 170 Okla. 466, 40 P.2d 1070.

In the instant case, whatever claim the defendant may have against the plaintiff for failing to deliver the bridge material as per contract by the plaintiff and Wise county, Tex., it is not a claim arising out of the cause of action alleged in the petition nor connected therewith. It is not based upon an enforceable contract. Crosbie v. Brewer, supra; Consolidated Pipe Line Co. v. British American Oil Co., supra. It is merely a promise to perform an existing contract made with a third person and is without valuable consideration or mutuality.

Schuler v. Myton, supra. At most it is only an agreement on part of the plaintiff to do that which he was already obligated and bound' to do and did not constitute a sufficient consideration for a new promise. Harris v. Harris, supra; Schuler v. Myton, supra.

The trial court committed no error in sustaining the motion to strike certain parts of the defendant's answer for failure on part of the defendant, without proper cause stated, to comply with the court's order. Long v. McFarlin, 58 Okla. 321, 159 P. 653; 49 C. J. 740.

Finding no error in the judgment of the trial court, the same is hereby affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur.